IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIANCE FOR RETIRED
AMERICANS, *et al.*,

        *Plaintiffs*,

        v.

SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, *et al.*,

        *Defendants*.

Case No. 1:25-cv-00313-CKK

**DEFENDANTS' NOTICE OF CORRECTION**

At the hearing on February 5, 2025, held the same day that Plaintiffs' motion for temporary restraining order was filed in the above-captioned case, counsel for Defendants made a factual representation in good faith on the basis of information provided by Defendants that requires correction.

With the benefit of more time to investigate the facts over the weekend, Defendants came to understand that Marko Elez, who, at the time of the hearing was employed by the Department of the Treasury, had not, in fact, been designated by the Treasury Department as a Special Government Employee (SGE), as counsel stated at the February 5 hearing.  Mr. Elez, was, however, a Treasury Department employee.  Treasury hired Mr. Elez as Special Advisor for Information Technology and Modernization, Departmental Offices, Office of the Chief of Staff, under Treasury's authority to establish temporary transitional Schedule C positions.  *See* 5 C.F.R. § 213.3302.  Although Mr. Elez could have been designated as an SGE because he was slated to perform temporary duties either on a full-time or intermittent basis for not more than 130 days, the Treasury department Ethics office did not designate Mr. Elez as a Special Government Employee,

meaning that he in fact had to comply with *additional* ethics requirements that are not required for SGE positions.

Defendants will provide a declaration to substantiate these facts together with their opposition to Plaintiffs' motion for preliminary injunction, due Wednesday, February 12, 2025. Defendants apologize to the Court for the inadvertent representation, which—while incorrect—was made based on information provided to counsel immediately prior to the hearing.

Defendants also wish to notify the Court that, as stated in the Declaration of Thomas Krause, Jr., filed yesterday, in *State of New York v. U.S. Department of the Treasury*, Case No. 25 Civ. 01144 (JAV) (S.D.N.Y.), Mr. Elez resigned from Treasury on February 6, 2025, and he returned all Treasury and BFS equipment and credentials the same day. *See* Exhibit 1, ¶ 11. Moreover, in that case, on February 8, the Court entered a temporary restraining order restricting who may access Treasury systems. *See* Ex. 2. Those restrictions are in addition to those imposed by this Court's Order entered February 6.

Dated: February 10, 2025               Respectfully submitted,

                                               BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878

2

Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*