## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alliance for Retired Americans, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Scott Bessent, in his official capacity as Secretary of the Treasury, et al., <br><br> Defendants. | Civil Action No. 25-313 (CKK) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD

Plaintiffs filed this action on February 3, 2025 (ECF 1), after reports surfaced that Defendants had permitted individuals associated with the so-called Department of Government Efficiency (DOGE) access to sensitive personal and financial information in the records of the Bureau of Fiscal Service. Plaintiffs filed a motion for a temporary restraining order (TRO) on February 5 (ECF 8), which resulted in the parties negotiating a consent order, which this Court entered on February 6 (ECF 13). Pursuant to the Court's minute order of February 5, the entry of the consent order converted Plaintiffs' TRO motion into a motion for a preliminary injunction. Defendants' response to the preliminary injunction motion is due on February 12, and a hearing on the preliminary injunction is scheduled for February 24.

To obtain a preliminary injunction, a plaintiff "must show a substantial likelihood of success of [Article III] standing." *Food & Water Watch, Inc. v. Vilsack*,

800 F.3d 905, 913 (D.C. Cir. 2015) (internal quotation marks omitted). This showing requires more than a plaintiff must allege in a complaint, where a general allegation of an Article III injury is sufficient, *id.*, but less than the showing required at summary judgment, which requires "affidavits or other evidence showing, through specific facts," that the plaintiff has suffered an injury, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992).

These principles, as applied to associational plaintiffs suing on behalf of injuries to their members, do not require plaintiffs to identify an injured member in the complaint, but normally require such identification at summary judgment. *See Ranchers-Cattlemen Action Legal Fund, United Stockgrowers of Am. v. United States Dep't of Agric.*, 573 F. Supp. 3d 324, 336 (D.D.C. 2021). At the preliminary injunction stage, which requires only that a "substantial likelihood of success" on standing must be shown, identification of individual members is not necessary in circumstances such as the one here: Where the agency action at issue affects every single individual who pays money to or receives money from the federal government, and where Plaintiffs have alleged and submitted declarations in connection with their motion for a TRO confirming that their members include such individuals. *See* ECF 8-2, 8-3, & 8-4. And because the point is self-evident, additional evidence should not be required. *See Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002).

Nonetheless, to eliminate any potential concern on this point, Plaintiffs request that the Court allow them to supplement the record with declarations confirming that each Plaintiff has at least one member whose personal information

2

is implicated by Defendants' alleged decision to disclose the Bureau's records to DOGE. Plaintiffs submit this motion in advance of the deadline for Defendants' response to the motion for a preliminary injunction to enable Defendants to consider the declarations as they prepare their response.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to supplement the record.

Dated: February 11, 2025

Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi (DC Bar No. 456750)
Nicolas Sansone (DC Bar No. 1686810)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Norman L. Eisen (DC Bar No. 435051)
State Democracy Defenders Fund
600 Pennsylvania Avenue SE
#15180
Washington, DC 20003