UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR RETIRED AMERICANS, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>SCOTT BESSENT, Secretary, U.S. Department of the Treasury, *et al.*,<br>    Defendants. | Civil Action No. 25-313 (CKK) |

**MEMORANDUM OPINION & ORDER**
(February 11, 2025)

On February 5, 2025, Plaintiffs filed a [8] Motion for Temporary Restraining Order. On February 6, after a hearing on the record, the parties negotiated and filed a joint motion requesting that the Court order Defendants not to take certain actions and defer ruling on the Plaintiffs' Motion for Temporary Restraining Order. Joint Mot., ECF No. 12. With the parties' consent, the Court granted that joint motion. Order, ECF No. 13. Simultaneously, the Court converted Plaintiffs' Motion for Temporary Restraining Order into a Motion for Preliminary Injunction and set a briefing schedule on that motion. Min. Order, ECF No. 13. Defendants' opposition to the Motion for Preliminary Injunction is due tomorrow, February 12, 2025. *Id.*

Today, February 11, Plaintiffs moved for leave to file supplemental declarations supporting their request for a preliminary injunction and filed a memorandum in support of that motion. Pls.' Mot., ECF No. 16; Pls.' Mem., ECF No. 16-1. Plaintiffs report that they conferred with Defendants regarding this motion and that Defendants are opposed. Pls.' Mot. at 1. On the present record, the Court will **GRANT** Plaintiffs' [16] Motion to Supplement for good cause shown but **HOLD IN ABEYANCE** this Memorandum Opinion & Order on terms described below.

1

## I. DISCUSSION

Local Rule of Civil Procedure 65.1(c) provides that an application for a preliminary injunction "shall be supported by all affidavits on which the plaintiff intends to rely." Supplemental affidavits to such an application "may be filed only with permission of the Court." LCvR 65.1(c). The Local Rules do not clarify when the Court should grant that permission. But other courts in this District have required a showing of "good cause" for leave to supplement. *Oceans v. U.S. Dep't of Interior*, No. 24-cv-141, 2024 WL 3104945, at *3 (D.D.C. June 24, 2024) (RCL). And applying a Circuit Rule with similar practical import, the U.S. Court of Appeals for the D.C. Circuit has adopted the same "good cause" requirement. *See Twin Rivers Paper Co. v. SEC*, 934 F.3d 607, 614 (D.C. Cir. 2019) (discussing D.C. Circuit Rule 28(a)(7)). Accordingly, the Court considers whether there is good cause to allow Plaintiffs to supplement the record here.

Plaintiffs, three organizations, move to supplement the record to include seven declarations from individual members "regarding their interests" in the subject of this litigation. Pls.' Mot. at 1. In other words, Plaintiffs seek leave to file supplemental declarations in an effort to further support their argument for associational standing. *See* Pls.' Mem. at 1–2 (discussing Plaintiffs' understanding of the required showing). In the context of this litigation, the Court concludes that Plaintiffs have demonstrated good cause for supplementing the record for three reasons.

*First*, at the time Plaintiffs filed their Motion for Preliminary Injunction, they were not subject to the requirements of Local Rule 65.1(c). Local Rule 65.1 governs applications for both preliminary injunctions *and* applications for temporary restraining orders. But Local Rule 65.1(c) applies *only* to "[a]n application for a preliminary injunction." And at the time Plaintiffs would have been required to comply with Local Rule 65.1(c)'s requirement that the "application be supported by all affidavits on which the plaintiff intends to rely," Plaintiffs had not filed such an

application. Their motion was a Motion for Temporary Restraining Order until this Court converted it into a Motion for Preliminary Injunction. *See* Min. Order (Feb. 6, 2025).

*Second*, Plaintiffs' stated justification for filing the supplemental declarations is adequate. Plaintiffs filed three declarations in support of their initial Motion for Temporary Restraining Order in a good-faith effort to establish the prerequisites for associational standing. *See* Declarations, ECF Nos. 8-2, 8-3, 8-4. And Plaintiffs explain, in summary form, why they believed those declarations were—and are—sufficient to show their likelihood of success in demonstrating standing at the preliminary-injunction stage. *See* Pls.' Mem. at 1–2. ("At the preliminary injunction stage, . . . identification of individual members is not necessary . . . .").[1] But two business days ago, in another case in this District presenting similar issues and in which Plaintiffs' counsel is counsel of record, Judge John D. Bates denied the plaintiffs' motion for a temporary restraining order and held that similar declarations were insufficient to establish associational standing. *See* Order (ECF No. 12), *AFL-CIO v. Dep't of Lab.*, No. 25-cv-339 (D.D.C. Feb. 7, 2025) (JDB). Now, "to eliminate any potential concern" on the same points Judge Bates raised, Plaintiffs seek leave to file their supplemental declarations. Pls.' Mem. at 2–3. This is precisely the scenario in which the D.C. Circuit has found good cause to excuse violations of its Circuit Rule 28(a)(7): Plaintiffs "believed that the initial filings before the court had sufficiently demonstrated standing" but now believe that supplements would buttress their arguments. *Twin Rivers*, 934 F.3d at 614 (quoting *Ctr. for Sustainable Econ. v. Jewell*, 779 F.3d 588, 599 (D.C. Cir. 2015)).

*Third*, the timing and content of Plaintiffs' motion does not work substantial undue prejudice on Defendants. This is not a case where Plaintiffs' supplemental affidavits "raise entirely new theories of standing" of which Defendants had no notice. *Oceans*, 2024 WL 3104945, at *5.

---

[1] The Court expresses no view on whether Plaintiffs are correct in their analysis at this time.

3

Nor would allowing Plaintiffs to supplement the record leave Defendants with "no opportunity to respond" to their declarations. *Id.* at *3 (quoting *Nguyen v. U.S. Dep't of Homeland Sec.*, 460 F. Supp. 3d 27, 34 (D.D.C. 2020) (APM)). Instead, Plaintiffs affidavits purport to support the theory of associational standing they articulated at the Court's February 5 hearing—a theory Defendants represented they were preparing to address. *See* Tr. of Hearing, ECF No. 14 at 17:2–6, 18:8–17. And Plaintiffs filed their request to supplement the record *before* Defendants' deadline for opposing the Motion for Preliminary Injunction. *See* Min. Order (Feb. 6, 2025).

For these three reasons, the Court concludes that Plaintiffs have demonstrated good cause to supplement the record and will **GRANT** Plaintiffs' [16] Motion to Supplement the Record under Local Rule 65.1(c).

At present, Defendants have indicated to Plaintiffs that they oppose Plaintiffs' Motion to Supplement. Pls.' Mot. at 1. Because Defendants' response to Plaintiffs' Motion for Preliminary Injunction is due tomorrow, the Court resolved Plaintiffs' Motion to Supplement before Defendants docketed the basis for their opposition. To ensure Defendants have an opportunity to be heard on this issue, the Court will **HOLD IN ABEYANCE** this Memorandum Opinion and Order until **5:30 PM ET tonight, February 11, 2025**. Defendants may, if they so choose, file an opposition to the Motion to Supplement addressing that motion and this Court's analysis by **4:30 PM ET this afternoon, February 11, 2025**. Because the Court is sensitive to the demands Plaintiffs' supplements may place on defense counsel, Defendants may include in this opposition a request for a brief extension of time to file their response to Plaintiffs' Motion for Preliminary Injunction. In no event will such an extension affect the date of the hearing on the Motion for Preliminary Injunction, which shall remain February 24, 2025 at 2:00 PM ET.

## II. CONCLUSION & ORDER

In light of the foregoing, the Court hereby **ORDERS** that:

- Plaintiffs' [16] Motion to Supplement the Record is **GRANTED**; and that

- This Order is **HELD IN ABEYANCE** until 5:30 PM ET on February 11, 2025.

**SO ORDERED.**

**DATED:** February 11, 2025.

                                                  /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge