# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Alliance for Retired Americans, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:25-cv-313 (CKK) |
| Scott Bessent, in his official capacity as Secretary of the Treasury, *et al.*, | |
| Defendants. | |

## <u>AMERICAN CENTER FOR LAW AND JUSTICE'S CONSENTED-TO MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IN SUPPORT OF THE DEFENDANTS</u>

Jordan Sekulow
Donn Parsons*
Stuart J. Roth
Andrew J. Ekonomou*
Benjamin P. Sisney
Nathan J. Moelker
Liam R. Harrell*
AMERICAN CENTER FOR
   LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
Phone: (202) 641-9163
Fax: (202) 546-9309
Email: bsisney@aclj.org

*Counsel for Amicus Curiae*

*Not admitted in this jurisdiction.

The American Center for Law and Justice ("ACLJ"), by and through undersigned counsel, respectfully moves the Court pursuant to Fed. R. Civ. P. 7 for leave to file an *amicus curiae* brief in the above-captioned matter in opposition to the Plaintiffs' Motion for a Preliminary Injunction (ECF No. 8). The ACLJ's proposed *amicus* brief is attached to this motion. Both the plaintiffs and the defendants have consented to the filing of this amicus brief.

This brief is filed in compliance with LCvR 7(o). Ordinarily, no specific rules govern *amicus* briefs in federal district courts. *See United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D. N.Y. 1991) ("This court is not aware of any rule or statute that prescribes the procedure for obtaining leave to file an amicus brief in the district court."). Instead, federal district courts possess the inherent authority to accept *amicus curiae* briefs that will aid the Court. *In re Bayshore Ford Truck Sales, Inc.,* 471 F. 3d 1233, 1249 n. 34 (11th Cir. 2006) ("District courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."). A court has "discretion in deciding whether to allow a non-party to participate as an *amicus curiae.*" *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). The aid of *amici curiae* has "been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Id.* (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)).

The ACLJ's Motion for Leave to File an *Amicus* Brief is timely. Mindful of how this matter is proceeding expeditiously, the ACLJ filed its brief according to the deadline applicable to the party it is supporting, the federal government defendants. Specifically, this Court's order converting the Plaintiffs' motion for a temporary restraining order to a motion for a preliminary injunction required the Defendants to respond to the motion by February 12, 2025. *Amicus* has filed its brief by the same date.

*Amicus* briefs are permitted in district court cases where the *amicus* possesses "a special interest in the subject matter of the suit." *Bryan*, 923 F. Supp. At 728. Courts have emphasized that allowing parties to appear as *amicus curiae* "may be advisable where third parties can contribute to the court's understanding" of the issues in a case. *Id.*; *see Harris v. Pernsley,* 820 F.2d 592, 603 (3d Cir. 1987).

Proposed *amicus* the ACLJ has "a special interest in the subject matter of the suit." *Tafas*, 511 F. Supp. at 659. The ACLJ is an organization dedicated to the defense of constitutional liberties secured by law and legal principles like separation of powers. Counsel for the ACLJ have presented oral argument, represented parties, and submitted *amicus curiae* briefs before the Supreme Court of the United States and numerous state and federal courts in cases involving a variety of issues relating to the structure of government. ACLJ attorneys have appeared often before the Supreme Court as counsel for parties, e.g., *Colorado Republican State Central Committee v. Anderson*, U.S. No. 23-696 (2023); *Trump v. Vance*, 591 U.S. 786 (2020); *Trump v. Mazars USA, LLP*, 591 U.S. 848 (2020); *McConnell v. FEC*, 540 U.S. 93 (2003); or as amici, *e.g.*, *Trump v. United States*, 603 U.S. 593 (2024); *Fischer v. United States*, 144 S. Ct. 2176 (2024); *McDonnell v. United States*, 579 U.S. 550 (2016); and *Bush v. Gore*, 531 U.S. 98 (2000). The ACLJ has a fundamental interest in maintaining the integrity of the founders' constitutional design, and here, supporting the separation of powers and the authority of the President to administer the executive branch and execute the laws of the United States. "The principle of separation of powers was not simply an abstract generalization in the minds of the Framers: it was woven into the document that they drafted in Philadelphia in the summer of 1787." *Buckley v. Valeo*, 424 U.S. 1, 124 (1976).

For the foregoing reasons, *amicus* respectfully asks this Court to grant leave to file an *amicus curiae* brief in opposition to the Plaintiffs' Motion for a Preliminary Injunction.

February 12, 2025                                        Respectfully Submitted,


                                                        Jordan Sekulow
                                                        Donn Parsons*
                                                        Stuart J. Roth
                                                        Andrew J. Ekonomou*
                                                        Benjamin P. Sisney
                                                        /s/ Nathan J. Moelker
                                                        Nathan J. Moelker
                                                        Liam R. Harrell*
                                                        AMERICAN CENTER FOR
                                                            LAW & JUSTICE
                                                        201 Maryland Ave., NE
                                                        Washington, DC 20002
                                                        Phone: (202) 641-9163
                                                        Fax: (202) 546-9309
                                                        Email: bsisney@aclj.org


                                                        *Counsel for Amicus Curiae*
                                                        *Not admitted in this jurisdiction.

3

**CERTIFICATE OF CONFERRAL**

I hereby certify that Counsel for the Amicus has conferred with the parties about the relief sought in this motion. The Defendants have indicated that they consent to this motion. The Plaintiffs have indicated that they consent to this motion.

Dated: February 12, 2025

/s/ Nathan J. Moelker
Nathan J. Moelker
*for Amicus Curiae*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2025, I electronically filed a copy of the foregoing Motion for Leave to File an *Amicus Curiae* Brief using the ECF System which will send notification of that filing to all counsel of record in this litigation.

Dated: February 12, 2025

/s/ Nathan J. Moelker
Nathan J. Moelker
*Counsel for Amicus Curiae*