**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

ALLIANCE FOR RETIRED
AMERICANS, *et al.*,
     Plaintiffs,

    v.

SCOTT BESSENT, in his official capacity as
Secretary, U.S. Department of the Treasury,
*et al.*,
     Defendants.

Civil Action No. 25-313 (CKK)

---

**ORDER**
(February 18, 2025)

Plaintiffs bring three claims under the Administrative Procedure Act (APA), 5 U.S.C. §§ 706. Compl. ¶¶ 45–59. The parties are currently briefing Plaintiffs' [8] Motion for Preliminary Injunction. In doing so, both parties have relied extensively and exclusively on affidavits.

But in considering a motion for preliminary injunction in an APA case, the Court must generally base its review "on the full administrative record that was before the [agency] at the time [it] made its decision." *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (second alteration in original) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). And the Court generally may not rely on "the parties' written or oral representations" or on "sworn affidavits filed during the litigation" to discern the basis for agency action. *Id.* Indeed, a district court errs when it grants or denies a motion for a preliminary injunction without first "calling for the administrative record." *See id.* (denial).

But the D.C. Circuit has recognized a "narrow set of exceptions" to this general rule. *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013). For example, the Court may consult extra-record evidence "where the administrative record is so deficient as to preclude

1

judicial review," *id.*, or "if background information [is] needed 'to determine whether the agency considered all the relevant factors,'" *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

Further, these restrictions on the scope of the Court's evidentiary review apply only to the Court's consideration of Plaintiffs' likelihood of success on the merits. "[T]he Court can consider new evidence . . . in considering the other three prongs of the test for issuance of a preliminary injunction." *Friends of Animals v. U.S. Bureau of Land Mgmt.*, 548 F. Supp. 3d 39, 56 (D.D.C. 2021) (RDM); *see also Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 282 F.3d 818, 830 (D.C. Cir. 2002) (holding plaintiffs in APA case "are not confined to the administrative record" for purposes of establishing standing), *vacated on other grounds sub nom.*, *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803 (2003).

The Court is also aware that in a related case pending in the Southern District of New York, two of the Defendants in this case—the Treasury Department and Secretary Bessent—have taken the position that "there is no administrative record underlying the disputed issues" because there is "no final agency action" under review. *See* Joint Letter of the Parties, *New York v. Trump*, 25-cv-1144-JAV, ECF No. 49, at 3 (S.D.N.Y. Feb. 13, 2025). These Defendants have also argued that there are several "threshold" issues that the District Court should resolve before resorting to an administrative record, including whether the plaintiffs have standing and whether they have stated a cognizable claim under the APA. *Id.*

\*     \*     \*

Accordingly, it is hereby **ORDERED** that no later than **5:00 p.m. ET on Wednesday, February 19, 2025**, the Defendants shall either (1) file with the Court the administrative record underlying the decisions challenged in this case, or (2) file a supplemental memorandum, not to exceed five pages, addressing why it would be appropriate and consistent with D.C. Circuit precedent for the Court to decide the Plaintiffs' pending motion without reviewing the administrative record.

It is further **ORDERED** that if the Defendants **do file** an administrative record, the parties shall file supplemental memoranda of law, not to exceed five pages, no later than **12:00 p.m. ET on Thursday, February 20, 2025**, addressing whether the Court's consideration of the Plaintiffs' APA challenges should be limited to material in the administrative record. The Plaintiffs shall file one joint memorandum, and the Defendants shall file one joint memorandum. The parties shall file simultaneously, and no responses shall be permitted.

Finally, it is further **ORDERED** that if the Defendants **do not file** an administrative record and instead file a memorandum of law addressing whether an administrative record is necessary, the Plaintiffs shall file a response to that memorandum, not to exceed five pages, no later than **12:00 p.m. ET on Thursday, February 20, 2025**.

**SO ORDERED.**

**DATED:** February 18, 2025

COLLEEN KOLLAR-KOTELLY
United States District Judge

3