#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR RETIRED AMERICANS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00313-CKK |

#### DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING THE GENERAL RULE REQUIRING ADMINISTRATIVE RECORD REVIEW

Defendants submit this supplemental memorandum as directed by the Court's February 18, 2025 Order, ECF No. 27. For the reasons discussed below, the Court may, and should, decide Plaintiffs' motion for a preliminary injunction based on the parties' filings to date, and Defendants respectfully submit that an administrative record is not required to resolve Plaintiffs' motion.

*First*, Defendants have asserted threshold arguments that, if resolved in Defendants' favor, would mean that the Court lacks jurisdiction to hear Plaintiffs' claims. Specifically, for the reasons stated in Defendants' opposition brief, Plaintiffs lack standing because neither they nor their members have suffered injury in fact. *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 24 ("Defs.' Mem."). Moreover, there is no waiver of sovereign immunity for the Court to grant relief to Plaintiffs, because they have not identified any final agency action and because adequate alternate remedies preclude APA review. *See id.* at 13-20. Defendants intend to move to dismiss Plaintiffs' claims based on those arguments pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) after the Court's determination of Plaintiffs' motion for preliminary injunction.

At this stage of the litigation, and considering Defendants' threshold arguments, which are distinct from the underlying merits of Plaintiffs' claims, the Court need not, and should not, require production of an administrative record.  Where, as here, there are threshold arguments that would eliminate the need for examination of an administrative record, the Court should first resolve those threshold issues.  *See In re United States*, 583 U.S. 29, 32 (2017) (per curiam) (vacating and remanding to the district court with instructions to rule on the government's threshold arguments regarding jurisdiction and reviewability under the APA before ordering completion of an administrative record); *see also Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266-67 (D.C. Cir. 2001) (rejecting argument that district court erred in refusing to compel production of the administrative record before deciding motion to dismiss).  Indeed, because the Court's jurisdiction is in question, the Court should first assure itself of the power to decide Plaintiffs' claims before requiring Defendants to take any further steps, including the compilation and production of an administrative record.  *See Attias v. Carefirst, Inc.*, 865 F.3d 620, 624 (D.C. Cir. 2017) ("When a court lacks subject-matter jurisdiction, it has no authority to address the dispute presented. . . . Thus, in the ordinary case, a dismissal for lack of subject-matter jurisdiction ends the litigation and leaves nothing more for the court to do.").

*Second*, because there is no final agency action for Plaintiffs to challenge, *see* Defs.' Mem. at 13-15, there is no administrative record underlying the disputed issues.  Indeed, the nebulous scope of Plaintiffs' challenge makes it unclear what the scope of any administrative record would be.  Moreover, in part because there is no final agency action to challenge here, many relevant documents are likely to be deemed deliberative and therefore would not be part of the administrative record, even if one were ordered to be compiled.  *See Omaha, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019).  The declarations Defendants filed in support of their opposition to

Plaintiffs' preliminary injunction motion, on the other hand, are detailed and provide the Court with ample non-privileged information to evaluate the threshold issues in this case, as well as Plaintiffs' likelihood of the success on their underlying claims.  They are also entitled to a presumption of good faith.  *See F.T.C. v. Invention Submission Corp.*, 965 F.2d 1086, 1091 (D.C. Cir. 1992).  Plaintiffs too filed declarations in support of their motion, which are also part of the record before the Court that may be properly considered for purposes of their preliminary injunction motion.  *See* ECF Nos. 8-2 through 8-4 and 16-2 through 16-8.

Under these circumstances, it is appropriate for the Court to decide Plaintiffs' preliminary injunction motion based on the parties' filings to date, and the Court should defer deciding whether to require an administrative record until after Defendants have had the opportunity to move to dismiss.  *See Cobell v. Babbitt*, 91 F.Supp.2d 1, 38 (D.D.C. 1999) ("Extrinsic evidence is appropriate for consideration when the processes utilized and factors considered by the decisionmaker require further explanation for effective review." (internal quotation marks omitted)).

*Finally*, Defendants note that two other Courts in this District have recently rejected attempts to obtain injunctive relief in other cases challenging DOGE-related access to agency records without the submission of an administrative record.  *See* Mem. Op. & Order, *Am. Fed'n of Labor & Congress of Indus. Orgs. v. Dep't of Labor*; No. 25-cv-339 (JDB) (D.D.C. Feb. 14, 2025), ECF No. 34 (denying motion for temporary restraining order for failure to establish likelihood of success on the merits, including a substantial likelihood of standing); Mem. Op. & Order, *Univ. of Cal. Student Ass'n v. Carter*, No. 25-cv-354 (RDM) (D.D.C. Feb. 17, 2025), ECF No. 20 (denying motion for temporary restraining order because the plaintiffs failed to establish irreparable harm); *see also* Mem. Op. & Order, *State of New Mexico v. Musk*, No. 25-cv-429 (TSC) (D.D.C. Feb. 18,

2025), ECF No. 29 (denying motion for temporary restraining order in the context of an Appointments Clause challenge). Those decisions underscore the conclusion that an administrative record is not required at this stage of the litigation, and that the Court can consider the extra-record evidence submitted by the parties when ruling on Plaintiffs' motion for a preliminary injunction.

Dated: February 19, 2025    Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
ANNA DEFFEBACH
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*