IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIANCE FOR RETIRED
AMERICANS, *et al.*,

        *Plaintiffs*,

        v.

SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, *et al.*,

        *Defendants*.

Case No. 1:25-cv-00313-CKK

**DEFENDANTS' UNOPPOSED MOTION TO MODIFY
THE COURT'S FEBRUARY 6, 2025 ORDER**

    Defendants respectfully move to modify the Court's February 6, 2025 Order to in light of changed circumstances. Mr. Marko Elez is no longer an employee of the Treasury Department, and no longer has any access to Treasury payment systems. As stated by the Court at the hearing on Wednesday, February 5, 2025, the purpose of the TRO as entered was to "keep the status quo for a short period of time." Feb. 5. Hr'g Transcript 29:19-20. To maintain the status quo, and to avoid prejudicing Defendants while the Court considers Plaintiffs' motion for a preliminary injunction, Defendants ask that Mr. Elez's name be replaced in the Order with the name of his successor, Mr. Ryan Wunderly, who is currently being onboarded to perform the functions Mr. Elez performed previously if not otherwise enjoined from doing so. Plaintiffs will not be prejudiced by the requested modification, because the same limitations that the parties agreed to with respect to Mr. Elez will apply to Mr. Wunderly.

    Pursuant to Local Civil Rule 7(m), counsel for Defendants contacted Plaintiffs' counsel regarding this motion, and Plaintiffs do not oppose Defendants' requested relief.

## BACKGROUND

Plaintiffs filed a motion for temporary restraining order on February 5, seeking to enjoin Defendants "from disclosing information about individuals to individuals affiliated with the so-called Department of Government Efficiency" and to require Defendants "to retrieve and safeguard any such information that has already been obtained by DOGE or individuals associated with it." Pls.' Mem in Supp of Mot. for TRO ("TRO Mem."), ECF No. 8-1.

The Court held a hearing on Plaintiffs' motion on February 5, during which the Court proposed setting a briefing schedule to address Plaintiffs' claims in the context of a preliminary injunction rather than as a temporary restraining order. Plaintiffs opted to rest on their previously filed papers, Feb. 5 Hrg. Tr. at 45:4-6, and, accordingly, the Court converted their motion for a temporary restraining order into one for a preliminary injunction, *see* Order, ECF No. 13. Following the hearing, the parties agreed to entry of an order requiring the following:

- The Defendants will not provide access to any payment record or payment system of records maintained by or within the Bureau of the Fiscal Service, except that the Defendants may provide access to any of the following people:
  o Mr. Tom Krause, a Special Government Employee in the Department of the Treasury, as needed for the performance of his duties, provided that such access to payment records will be "read only";
  o Mr. Marko Elez, a Special Government Employee in the Department of the Treasury, as needed for the performance of his duties, provided that such access to payment records will be "read only";
  o Any person who is an employee (but not a Special Government Employee) of the Department of the Treasury and who has a need for the record or system of records

        in the performance of their duties;

- o  Any person who is entitled to access the record or system of records under 5 U.S.C. § 552a(b)(2)–(13); and

- o  Any person who is entitled to access the relevant record or system of records under the Internal Revenue Code.

The Court entered the parties' proposed order on February 6, which remains in effect until such time as the Court rules on Plaintiffs' motion for preliminary injunction. ECF No. 13.[1] The same day, Mr. Elez resigned from his position at the Treasury Department. Declaration of Thomas H. Krause, Jr. ("Krause Decl.") ¶ 3, ECF No. 24-1; Declaration of Michael J. Wenzler ¶ 9, ECF No. 24-3.

## LEGAL STANDARD

The Court has "wide discretion" to modify an injunction based on changed circumstances or new facts. *Sys. Fed. No. 91 v. Wright*, 364 U.S. 642, 647-48 (1961). "'The power of a court of equity to modify a decree of injunctive relief . . . is long-established, broad, and flexible.'" *United States v. W. Elec. Co.*, 46 F.3d 1198, 1202 (D.C.Cir.1995) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 967 (2d Cir.1983)); *see also Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 404 F.3d 821, 825 (4th Cir.2005) ("It has long been recognized that courts are vested with the inherent power to modify injunctions they have issued."). "The source of the

---

[1] As discussed in Defendants' February 10 Notice of Correction, although counsel for Defendants believed that Mr. Elez was a Special Government Employee at the time of the February 5 hearing and when counsel negotiated the language of the Order with Plaintiffs' counsel, Mr. Elez was, in fact, not designated as such. ECF No. 15. Given the confusion as to Mr. Elez's ethics designation, and that Mr. Wunderly, like Mr. Elez, will not be a Special Government Employee, Defendants also ask the Court to broaden the language in the parenthesis of the third sub-bullet of the Court's Order to carve out both "Special Government Employees" and "Treasury DOGE Team members."

power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." *Sys. Fed'n No. 91 v. Wright,* 364 U.S. at 647.

## ARGUMENT

Defendants' requested modification of the Order is necessary to avoid prejudice to Defendants while the Court considers Plaintiffs' motion for a preliminary injunction. As the Court explained at the February 5 hearing, the purpose of the Court's Order—which was negotiated by the parties—is to preserve the status quo. Feb. 5 Hrg. Tr. 46:13-15. The status quo, prior to entry of the Order, was that a Treasury DOGE Team member working under Mr. Krause, had "read only" access to Treasury payment systems. *See* Krause Decl. ¶¶ 2-3. However, due to Mr. Elez's February 6 resignation, the terms of the Order, which includes Mr. Elez by name, now allow for only one Treasury Special Government Employee, Mr. Krause, to access Treasury payment systems.

To return to the status quo, Defendants ask that Mr. Elez's name be replaced on the Order with the name of Mr. Wunderly, who will be joining the Treasury Department as a Special Advisor for Information Technology and Modernization through a Temporary Transitional Schedule C appointment, and who will perform the duties Mr. Elez previously performed, if not otherwise enjoined. *See* Declaration of John York ("York Decl.") ¶¶ 3-4, attached as Exhibit 1.[2] Without the requested change, Defendants would be prejudiced by having their employees' access to systems artificially restricted beyond the purpose of the Court's Order due to the happenstance of

---

[2] As described in Mr. York's declaration, Treasury is also onboarding two other individuals to be members of the Treasury DOGE Team. York Decl. ¶ 3. Those individuals will work principally at the Internal Revenue Service, and Defendants are not seeking modification of the Court's Order to permit them access to Bureau of the Fiscal Service payment systems.

4

Mr. Elez's resignation, the circumstances of which are unrelated to the merits of this case. That outcome would be contrary to the terms of Defendants' agreement to entry of the Order and to the Court's intent to preserve the status quo while the Court considers the merits of Plaintiffs' claims.

Plaintiffs, on the other hand, will not be prejudiced by Defendants' requested modification. As described in the accompanying declaration, Mr. Wunderly will have only "read only" access to Treasury payment systems—consistent with the terms of the Court's Order—and will be subject to the same risk-mitigation measures that Treasury previously applied to Mr. Elez's access. *Id.* ¶¶ 5-6; *see also* Declaration of Joseph Gioeli III ¶¶ 11-13, ECF No. 24-2 (describing mitigation measures).

Defendants also note that, under the terms of the temporary restraining order entered in the United States District Court for the Southern District of New York, Defendants are currently enjoined from allowing access to any Treasury payment record, payment systems, or any other data systems containing personally identifiable information and/or confidential financial information of payees, to anyone except "career employees," with narrow exceptions that do not cover Mr. Wunderly. *See* Memorandum Opinion and Order, *State of New York v. U.S. Dep't of the Treasury*, 25-CV-001144 (JAV), ECF No. 28 (Feb. 11, 2025) (explaining the modified terms of the temporary restraining order entered on February 8, 2025); *see also* Krause Decl. ¶ 16. Thus, unless and until the injunction in that case is lifted, Treasury will not grant Mr. Wunderly access to Treasury systems covered by that injunction, even if this Court's Order is modified as Defendants request.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask that the Court's February 6, 2025 Order be modified to replace "Mr. Marko Elez, a Special Government Employee" with "Mr. Ryan

5

Wunderly, an employee of the Department of the Treasury" in the Order's second sub-bullet, and to add language to the parenthesis in the Order's third sub-bullet so that it reads "(but not a Special Government Employee or a Treasury DOGE Team member)."

| | |
|---|---|
| Dated: February 20, 2025 | Respectfully submitted, |

BRETT A. SHUMATE
Principal Deputy Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
ANNA DEFFEBACH
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*