# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR RETIRED AMERICANS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00313-CKK |

**DECLARATION OF JOHN YORK**

I, John York, declare under penalty of perjury:

1. I am currently employed as Counselor to the Secretary at the U.S. Department of the Treasury, tasked with overseeing the Office of the Assistant Secretary for Management. In this role, I advise the Secretary on a wide array of management issues, including budgetary issues, human resources, information and technology management, financial management, accounting, and administrative services, and other related management issues.

2. I am familiar with the work of the Treasury DOGE Team, which currently consists of only Tom Krause. He was previously joined by Marko Elez, who resigned from Treasury on February 6, 2025.

3. I provide this declaration in support of Defendants' Unopposed Motion to Modify the Court's February 6, 2025 Order ("Defendants' Motion"), and to inform the Court of the imminent onboarding of a new Treasury employee, Ryan Wunderly, who will join Mr. Krause on the Treasury DOGE Team to fill the position at the Bureau of the Fiscal

Service previously held by Mr. Elez. Treasury also is onboarding two other individuals to join the Treasury DOGE Team who will be working principally at the Internal Revenue Service.

4. Mr. Wunderly will be joining the Treasury Department as Special Advisor for Information Technology and Modernization through a Temporary Transitional Schedule C appointment. Like Mr. Elez, he will not be designated as a Special Government Employee under 18 U.S.C. § 202. His position description and job duties will be substantially the same as those of Mr. Elez.

5. I am familiar with the scope of access and mitigation measures that were previously adopted for Mr. Elez, as described in the Declaration of Joseph Gioeli III ¶¶ 11-13, ECF No. 24-2 (describing mitigation measures).

6. If Defendants' Motion is granted, once onboarded, Mr. Wunderly would have only "read only" access to Bureau of the Fiscal Service payment systems—consistent with the Court's Order as to Mr. Elez—and would be subject to the same risk mitigation measures Treasury previously applied to Mr. Elez. Also consistent with the Court's Order, the other two individuals being onboarded would not have access to Bureau of the Fiscal Service payment systems.

7. I understand that under the terms of the temporary restraining order entered in the United States District Court for the Southern District of New York ("SDNY"), Defendants are currently enjoined from allowing access to any Treasury payment record, payment systems, or any other data systems containing personally identifiable information and/or confidential financial information of payees, system to anyone except "career employees," with narrow exceptions that do not cover Mr. Wunderly. *See* Memorandum

Opinion and Order, *State of New York v. U.S. Dep't of the Treasury*, 25-CV-001144 (JAV), ECF No. 28 (Feb. 11, 2025) (explaining the modified terms of the temporary restraining order entered on February 8, 2025).

8. Unless and until the SDNY injunction in that case is lifted, Treasury will not grant Mr. Wunderly or the other two incoming Treasury DOGE Team members access to Treasury systems covered by the SDNY order, even if this Court's Order is modified as Defendants have requested.

I declare under penalty of perjury that the foregoing is true and correct:

Executed on: Feb. 19, 2025        Signed: *[signature]*

John York

Counselor to the Secretary

3