UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alliance for Retired Americans, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Scott Bessent, in his official capacity as Secretary of the Treasury, et al., <br><br> Defendants. | Civil Action No. 25-313 (CKK) |

### PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING THE ADMINISTRATIVE RECORD

Plaintiffs submit this supplemental memorandum as directed by the Court's February 18, 2025, Order (ECF 27). As explained below, the Court would benefit from having access to the administrative record in resolving Plaintiffs' motion for a preliminary injunction. To the extent that Defendants assert that an administrative record does not exist, the Court may wish to consider permitting expedited discovery before deciding whether to issue a preliminary injunction.

In *American Bioscience, Inc. v. Thompson*, 243 F.3d 579 (D.C. Cir. 2001), the D.C. Circuit held that a district court may not deny a preliminary injunction on the ground that a plaintiff is not likely to succeed on the merits without considering the administrative record for the agency action under review. *Id.* at 246. As this Court noted in its February 18 Order, the court held in that case that it was error for the district court "to have relied on the parties' written and oral representations to

1

discern the basis on which the [agency] acted" because, without an administrative record, a court "do[es] not know" the basis for the agency's decision. *Id.*; *see also Afghan Yar Int'l Constr. Co. v. U.S. Dep't of State*, No. CV 21-1740 (CKK), 2021 WL 3472275, at *5 (D.D.C. Aug. 6, 2021) (directing agency to file administrative record so the court could evaluate the motion for preliminary injunction).

In this action, two of Plaintiffs' claims seek review under the Administrative Procedure Act (APA) of the Defendants' action that permitted the so-called Department of Government Efficiency (DOGE) to access sensitive personal and financial information contained in agency records. Specifically, Counts I and II of the complaint challenge the agency's action as contrary to law and as arbitrary and capricious. As in *American Bioscience*, the challenged action here constitutes an "informal adjudication," which "requires neither agency findings of fact nor conclusions of law." 243 F.3d at 246. Nonetheless, "to permit meaningful judicial review, an agency must 'disclose the basics' of its action." *Dep't of Commerce v. New York*, 588 U.S. 752, 780 (2019) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 167–69 (1962)). The APA, moreover, requires the court to evaluate the agency's action based on "the whole record or those parts of it cited by a party." *American Bioscience*, 243 F.3d at 246 (quoting 5 U.S.C. § 706). Thus, in assessing the likelihood of success, the Court must consider "the full administrative record that was before the [agency] at the time [it] made its decision." *Id.* (second bracket in original, quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

In opposing Plaintiffs' motion for a preliminary injunction, Defendants submitted declarations from four individuals: (1) Thomas H. Krause, the DOGE team lead at the Department of the Treasury; (2) Joseph Gioeli, III, the Deputy Commissioner for Transformation and Modernization in the Bureau of the Fiscal Service; (3) Michael J. Wenzler, Associate Chief Human Capital Officer for Executive and Human Capital Services at the Departmental Offices of the Department of the Treasury; and (4) Vona S. Robinson, Deputy Assistant Commissioner for Federal Disbursement Services at the Bureau of the Fiscal Service. None of these individuals, however, adopted the agency policy that is the subject of this lawsuit. Rather, the complaint alleges, and Defendants' have not disputed, that Secretary Bessent took that action shortly after being sworn in as Treasury Secretary. Compl. ¶¶ 35–36. Secretary Bessent has not submitted a declaration in this case (or in any of the other cases relating to DOGE's access to Bureau records) explaining the basis for his decision. Left unaddressed, this "failure to explain administrative action" may "frustrate effective judicial review." *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973); *see also Overton Park*, 401 U.S. at 420 ("But since the bare record may not disclose the factors that were considered or the Secretary's construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard.").

Defendants dispute the existence of an administrative record because they contend that the challenged action is not final agency action. *See* Defs. Supp. Mem.

3

3. But, again, Defendants have not disputed that the DOGE team was denied full access to the Bureau's records until Secretary Bessent intervened. *See* Compl. ¶¶ 35–36. The administrative record should include, at a minimum, the documents and information on which Secretary Bessent relied to reach his decision, as well as those that describe how his decision would be carried out, *e.g.*, the access given to the DOGE team, guidance provided to protect personal information, and limits, if any, on the DOGE team's ability to share personal information outside of the agency. This record evidence would aid the Court's determination whether the challenged action likely violates APA standards.

To the extent that Defendants decline to furnish an administrative record, the Court should consider expedited discovery as an alternative means for developing a record for review. Recently, in a pending case involving DOGE's access to Department of Labor records, Judge Bates provided an opportunity, in advance of preliminary-injunction briefing, for "expedited, targeted, and limited discovery" relevant to "the core question[] … whether the defendants even took the actions (or established the policies) that plaintiffs challenge," as well as "theories of standing, likelihood of success on the merits, and irreparable harm that turn on whether individuals not permitted under the Privacy Act to view personal information are viewing or will view that information." Order, *Am. Fed. of Labor & Cong. of Indus. Orgs v. Dep't of Labor*, No. 25-339 (JDB) (D.D.C. Feb. 19, 2025), ECF 43. Likewise here, expedited discovery would be consistent with the rule that a court may consult extra-record evidence "where the administrative record is so deficient as to preclude judicial review," *Hill*

4

*Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013), or "if background information [is] needed 'to determine whether the agency considered all the relevant factors,'" *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

The cases on which Defendants rely do not require a different approach. In *In re United States*, 583 U.S. 29 (2017), the agency had filed both a motion to dismiss and an administrative record, and the Supreme Court held that the district court should resolve the motion to dismiss before adjudicating disputes over the completeness of the record and questions of privilege. *Id.* at 31–32. In *American Bankers Ass'n v. National Credit Union Administration*, 271 F.3d 262 (D.C. Cir. 2001), no preliminary-injunction motion was at issue, and the court held that an administrative record was not necessary because the case could be resolved through purely statutory analysis. *Id.* at 266. Here, although Defendants correctly note that some of their arguments in opposition to the preliminary-injunction motion can be decided without an administrative record, the Court will need to consider the administrative record if it rejects those arguments.

In sum, rather than risk having to resolve the motion piecemeal, the Court should direct Defendants to produce the administrative record or, alternatively, provide for expedited discovery, so that the Court will have a record upon which it can make a fully informed decision.

5

Dated: February 20, 2025                                   Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi (DC Bar No. 456750)
Nicolas Sansone (DC Bar No. 1686810)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Norman L. Eisen (DC Bar No. 435051)
State Democracy Defenders Fund
600 Pennsylvania Avenue SE
#15180
Washington, DC 20003

6