IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR RETIRED AMERICANS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00313-CKK |

**DEFENDANTS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, TO EXCLUDE MATERIALS FROM THE ADMINISTRATIVE RECORD**

In its February 25, 2025, Minute Order, the Court directed Defendants to "promptly file a motion for exemption from disclosure," if Defendants "take the position that any document that would otherwise be part of the administrative record is subject to privilege." Under the law of this Circuit, materials covered by the deliberative process privilege are not considered part of the administrative record. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Courts have similarly held that materials covered by the attorney-client privilege and attorney work product doctrine need not be included in an agency's administrative record. But given the language in the Court's Minute Order, and out of an abundance of caution, Defendants respectfully request clarification from the Court that—because such materials are not part of the record—Defendants are not required to log or seek leave to exclude specific documents covered by those privileges. In the alternative, Defendants respectfully request leave to exclude all material covered by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine, as the law of this Circuit provides.

As required by Local Civil Rule 7(m), Defendants conferred with counsel for Plaintiffs. Plaintiffs oppose excluding materials from the administrative record and reserve the right to respond to this motion.

1.      The Deliberative Process Privilege.  The deliberative process privilege protects "documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." *Dep't of the Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 2 (2001).  The purpose of the privilege is to promote the quality of agency decision making by protecting decision makers' ability to communicate freely and privately without concern that deliberations will become the subject of discovery.  *Id.* at 8-9.  The communications must be predecisional for the privilege to apply.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975).  Not all documents that relate to a given decision will be privileged simply because they were created before the decision was made, however.  The privilege only protects documents that are deliberative in nature, not "material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations."  *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997).

As the D.C. Circuit explained in *Oceana*, in record review cases brought under the Administrative Procedure Act, "agency deliberations not part of the [administrative] record are deemed immaterial," absent a showing of bad faith.  920 F.3d at 865 (quotation omitted); *see also San Luis Obisbo Mothers for Peace v. NRC*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (*en banc*) (refusing to require supplementation of the record to consider transcripts of deliberative agency proceedings); *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 372-73 (D.D.C. 2007) (denying motion to compel completion of the administrative record when an agency decision is challenged

2

as arbitrary and capricious). "Deliberative documents are excluded from the record because, when a party challenges agency action as arbitrary and capricious, the reasonableness of the agency's action 'is judged in accordance with its stated reasons.' '[T]he actual subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a showing of bad faith or improper behavior.'" *Nat'l Ass'n of Chain Drug Stores v. Dep't of Health & Human Services*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009) (alteration in original) (quoting *In re Subpoena Duces Tecum Served on the Office of Comptroller of Currency*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998)).

Because predecisional and deliberative documents are not part of the administrative record to begin with, and because the agency's designation of the record is entitled to a presumption of regularity, the agency typically does not need to take additional measures—such as logging the documents in a privilege log—to withhold them from the record. *See Oceana*, 920 F.3d at 865 ("[S]ince predecisional documents are irrelevant and therefore not 'otherwise discoverable,' they are not required to be placed on a privilege log."); *Stand up for Cal.! v. U.S. Dep't of the Interior*, 71 F. Supp. 3d 109, 123 (D.D.C. 2014) ("[T]o obtain a log of privileged and deliberative materials excluded from the administrative record, plaintiffs must overcome, with clear evidence, the presumption of regularity in the agency proceedings by showing bad faith or other exceptional circumstances."); *Citizens for Responsibility & Ethics in Washington v. FEC*, No. 22-cv-0035 (CRC), 2024 WL 2110141, at *6 (D.D.C. May 10, 2024) (similar). Indeed, while an agency may not be able to "wholesale withhold a category of documents based only on their form—*e.g.*, all memos from junior agency personnel to senior agency personnel—it may do so if the category of documents withheld by definition meets the requirements of the deliberative process privilege—*e.g.*, all predecisional and deliberative memos from junior agency personnel to senior agency personnel." *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 84-85 (D.D.C. 2018). "And to justify this

withholding, the [agency] must simply represent that those documents meet the requirements of the deliberative process privilege." *Id.*

Consistent with these principles—and given that Plaintiffs have made no showing whatsoever of bad faith—Defendants' position is that deliberative materials are not properly part of the administrative record. *See* Feb. 25 Minute Order (requiring Defendants to seek leave to exclude materials "otherwise part of the administrative record"). But to the extent the Court intended for Defendants to seek leave to exclude materials covered by the deliberative process privilege, Defendants hereby make that request based on the precedents discussed above. Consistent with the limits of the privilege, Defendants propose to exclude only such materials that are both predecisional, in that they predate the challenged decision, and deliberative—*i.e.*, reflect a back and forth about potential courses available to the agency.

2.    Attorney-Client Privilege and Attorney Work Product Materials

Defendants similarly request clarification that materials covered by the attorney-client privilege and attorney work product doctrine are not properly part of the administrative record and therefore need not be included. "The attorney-client privilege protects confidential communications from clients to their attorneys made for the purpose of securing legal advice or services [and] . . . communications from attorneys to their clients if the communications 'rest on confidential information obtained from the client.'" *Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C.Cir.1997) (quoting *In re Sealed Case*, 737 F.2d 94, 98-99 (D.C.Cir.1984)). In the administrative context, "the 'client' may be the agency and the attorney may be an agency lawyer." *Id.* The attorney work product doctrine shields materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3); *Tax*

4

*Analysts v. IRS*, 117 F.3d 607, 620 (D.C. Cir. 1997).

The case law is less developed as to these privileges than for the deliberative process privilege; however, the "weight of authority holds" that attorney-client communications and attorney work product falls outside of an agency's administrative record. *See New York v. Salazar*, 701 F. Supp. 2d 224, 236 (N.D.N.Y. 2010) (citing cases); *see also Stand up for Cal.!*, 71 F. Supp. 3d at 123 ("*[P]rivileged and* deliberative materials are not part of the administrative record as a matter of law[.]" (emphasis added)); *Narragansett Indian Tribe v. Pollack*, No. 22-cv2299 (RC), 2023 WL 4824733, at *11 (D.D.C. July 27, 2023) (denying request to supplement the administrative record with information redacted under the attorney-client and deliberative process privileges). Moreover, because agencies are entitled to a presumption of regularity, materials covered by the attorney-client privilege and attorney-work product doctrine—like materials covered by the deliberative process privilege—are generally not required to be described in a privilege log. *See Narragansett Indian Tribe*, 2023 WL 4824733 at *11.

Although most, if not all, of the materials covered by the attorney-client privilege or attorney work product doctrine are likely to also be covered by the deliberative process privilege, Defendants separately seek clarification that materials that meet the requirements for protection under the attorney-client privilege or attorney work product doctrine are not part of the administrative record ordered to be produced by March 10. In the alternative, Defendants request to exclude all materials that meet the requirements of those privileges.

Dated: February 28, 2025                         Respectfully submitted,

                                                YAAKOV M. ROTH
                                                Acting Assistant Attorney General
                                                Civil Division, Federal Programs Branch

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
ANNA DEFFEBACH
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*