UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Alliance for Retired Americans, et al.,

    Plaintiffs,

    v.

Scott Bessent, in his official capacity as Secretary of the Treasury, et al.,

    Defendants.

Civil Action No. 25-313 (CKK)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, TO EXCLUDE MATERIALS FROM THE ADMINISTRATIVE RECORD**

The Court's February 25, 2025, order directed Defendants to "file the administrative record underlying the decisions challenged in this case" and provided Defendants the opportunity to "file a motion for exemption from disclosure" if they "take the position that any document that would otherwise be part of the administrative record is subject to a privilege." In response, Defendants filed a motion seeking clarification that materials subject to the deliberative process privilege, the attorney-client privilege, or the attorney work product privilege are not part of the administrative record. In the alternative, they ask the Court for an order excluding such materials from the record without requiring Defendants to submit a privilege log. The Court should deny their request.

**Deliberative process.** In this Circuit, "predecisional and deliberative documents are not part of the administrative record." *Oceana, Inc. v. Ross*, 920 F.3d

855, 865 (D.C. Cir. 2019) (internal quotation marks omitted). "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021). But "the deliberative process privilege does not protect documents in their entirety; if the government can segregate and disclose non-privileged factual information within a document, it must." *Loving v. Dep't of Def.*, 550 F.3d 32, 38 (D.C. Cir. 2008); *see Jud. Watch, Inc. v. Dep't of Just.*, 432 F.3d 366, 372 (D.C. Cir. 2005) ("Factual material is not protected under the deliberative process privilege unless it is 'inextricably intertwined' with the deliberative material.").

The Court's February 25 order does not require Defendants to include in the record materials properly covered by the deliberative process privilege. In this case, as in every agency-review case, it is the agency's duty to "submit proper certification that the record is complete, which serves as formal representation by the agency that it duly evaluated all predecisional documents before excluding them from the record." *Oceana*, 920 F.3d at 865 (cleaned up). The agency's designation of the record may be subject to "further action or inquiry" by a district court in "special circumstances," such as if the agency "obscured factual information not otherwise in the record," "improperly supplemented the record with post hoc rationalizations supporting its actions," or simply when "a substantial showing was made that the record was incomplete." *Id.* (internal quotation marks omitted). In those instances, a court may permit supplementation of the record or, if necessary, order discovery. *James*

*Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996); *see Baptist Mem'l Hosp.-Golden Triangle v. Sebelius*, 566 F.3d 226, 230 (D.C. Cir. 2009); *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008).

The Court's February 25 order does not disturb this process, and therefore no clarification of Defendants' obligation is necessary.

**Attorney-client and attorney work product**. The attorney-client and attorney work product privileges are distinct from the deliberative process privilege. *See Sierra Club, Inc.*, 592 U.S. at 267 (listing the three privileges separately); *Jud. Watch, Inc.*, 432 F.3d at 371–72 ("[T]he District Court's principal error was in conflating the deliberative process privilege and the attorney work-product doctrine."). Deliberative process material is excluded from the record because it is considered "immaterial or irrelevant." *Oceana*, 920 F.3d at 865. By contrast, material subject to attorney-client and attorney work product privileges is not irrelevant. Rather, the limitations on disclosure of material falling within those categories are designed to advance values that outweigh the benefits of access to relevant information. *See, e.g.*, *Swidler & Berlin v. United States*, 524 U.S. 399, 408 (1998). Although a valid claim of privilege might permit nondisclosure of portions of the administrative record, such a claim does not necessarily indicate that the privileged material is not among the relevant "documents that were before the administrative decisionmaker." *The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009).

3

Thus, while the "federal rules do not require parties to provide logs of all documents that were not produced because they were deemed immaterial or irrelevant," *Oceana*, 920 F.3d at 865, "Rule 26(b)(5) of the Federal Rules of Civil Procedure requires" that the agency, as the "party claiming privilege as a reason to withhold documents[,] must produce a privilege log." *Banks v. Off. of Senate Sergeant-at-Arms & Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1343 (D.C. Cir. 2006); *see Save the Colo. v. U.S. Dep't of Interior*, 517 F. Supp. 3d 890, 902 (D. Ariz. 2021) (distinguishing "deliberative documents" that "are not part of the record to begin with" and so need not be logged from "documents protected by the attorney-client privilege … that would require [an agency] to produce a privilege log").

Consistent with this understanding, courts regularly require agencies to submit a log of non-deliberative materials that are part of the administrative record but are withheld pursuant to a claim of privilege. *See, e.g.*, *Pitman v. U.S. Citizenship & Immigration Servs.*, No. 2:17-cv-166, 2018 WL 3232355, at *3 (D. Utah July 2, 2018); *Batalla Vidal v. Duke*, No. 16-cv-4756, 2017 WL 4737280, at *5 (E.D.N.Y. Oct. 19, 2017); *WildEarth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1265–67 (D. Colo. 2010); *cf. Friends of Animals, Inc. v. Jewell*, 185 F. Supp. 3d 60, 66–67 (D.D.C. 2016) (requiring *in camera* review of documents withheld from the administrative record based on a claim of attorney-client privilege because the agency's log had insufficiently substantiated the privilege's application).

The cases on which Defendants rely do not explain why the normal rule requiring a privilege log should not apply to attorney-client and attorney work

4

product materials. *See New York v. Salazar*, 701 F. Supp. 2d 224, 236 (N.D.N.Y. 2010) (stating, without analysis, that "privileged documents are not part of the administrative record"); *Stand Up for Cal.! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122–23 (D.D.C. 2014) (similar); *Narragansett Ind. Tribe ex rel. Narragansett Ind. Tribal Historic Preservation Off. v. Pollack*, No. 22-cv-2299, 2023 WL 4824733, at *11 (D.D.C. July 27, 2023) (similar).

Accordingly, to the extent that such materials exist here, this Court should follow the "growing consensus among district courts … that agencies must submit a log if they withhold privileged materials from an [administrative record]." *Save the Colo. v. Spellmon*, No. 18-cv-3258, 2023 WL 2402923, at *4 (D. Colo. Mar. 7, 2023).

Dated: March 4, 2025

Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi (DC Bar No. 456750)
Nicolas Sansone (DC Bar No. 1686810)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Norman L. Eisen (DC Bar No. 435051)
State Democracy Defenders Fund
600 Pennsylvania Avenue SE
#15180
Washington, DC 20003