UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR RETIRED AMERICANS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT BESSENT, in his official capacity as Secretary of the Treasury, *et al.*, <br><br> Defendants. | Civil Action No. 25-0313 (CKK) |

**ORDER**
(March 4, 2025)

On February 25, this Court ordered Defendants to "file the administrative record underlying the decisions challenged in this case on or before March 10, 2025." Min. Order (Feb. 25, 2025). The Court further ordered that "[i]f Defendants take the position that any document that would otherwise be part of the administrative record is subject to a privilege, Defendants shall promptly file a motion for exemption from disclosure, which the Court shall resolve in due course." *Id.*

Now pending before the Court is Defendants' [37] Motion for Clarification or, in the Alternative, to Exclude Materials from the Administrative Record ("Motion" or "Mot."), ECF No. 37. In their Motion, Defendants seek an order clarifying that when filing the administrative record, they need not log or seek leave to exclude materials that are subject to the deliberative-process privilege, the attorney-client privilege, or the attorney work-product doctrine. *Id.* at 1. In the alternative, Defendants request leave to exclude from the administrative record any materials subject to these privileges. *Id.* Plaintiffs oppose the Motion. Pl.'s Resp., ECF No. 39. The Court shall **GRANT IN PART** and **DENY IN PART** Defendants' Motion.

1

The Court will not require Defendants to log or move to exclude from the administrative record any materials that are subject to the deliberative-process privilege. As Defendants note, this privilege applies only to "predecisional" documents. Mot. at 2 (citing *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)). And Defendants are correct that courts generally do not require agencies to produce "predecisional and deliberative" documents as part of the administrative record in an Administrative Procedure Act ("APA") case. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *see* Mot. at 2–3. Because the "reasonableness of the agency's action is judged in accordance with its stated reasons," such documents are "immaterial as a matter of law" in an APA case unless "there is a showing of bad faith or improper behavior." *Stand Up for Cal.! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) (BAH) (quoting *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279, 1279–80 (D.C. Cir. 1998)); *see also Oceana*, 920 F.3d at 865 (noting that "predecisional documents" are generally "irrelevant" in an APA case). In the absence of such a showing, these documents are "not required to be placed on a privilege log." *Oceana*, 920 F.3d at 865. Because Plaintiffs have not made such a showing, the Court will not require Defendants to create a privilege log of materials that they claim are subject to the deliberative-process privilege.

Instead, the Court expects that Defendants will "submit '[p]roper certification' that the record is complete, which [will] serve[] as 'formal representation by the [agency]' that it duly evaluated all predecisional documents before excluding them from the record." *Id.* (first and fourth alterations in original) (quoting *Norris & Hirshberg v. S.E.C.*, 163 F.2d 689, 694 (D.C. Cir. 1947)). The Court need not decide at this early stage whether "special circumstances" may later warrant "further action or inquiry" into Defendants' designation of the administrative record. *See id.* (identifying circumstances that may warrant such an inquiry).

However, the Court shall deny Defendants' request to exclude privileged materials that are *not* predecisional or deliberative without logging its claims of privilege or seeking leave from the Court to exclude those documents. The rationale for excluding predecisional documents from the administrative record without a privilege log is that those documents are "irrelevant" in an APA case. *Oceana*, 920 F.3d at 865. But as Plaintiffs correctly note, this rationale does not apply to privileged materials that are neither predecisional nor deliberative, since those materials are not necessarily "irrelevant." *See id.*; Pls.' Resp. at 3. And courts in this District have occasionally conducted *in camera* review of material that an agency withheld from the administrative record because of a privilege or doctrine other than the deliberative-process privilege to decide whether that material should be added to the record. *See, e.g.*, *Friends of Animals, Inc. v. Jewell*, 185 F. Supp. 3d 60, 66 (D.D.C. 2016) (CRC) (attorney-client privilege); *Sendra Corp. v. Magaw*, No. 94-cv-0949, 1995 WL 434451, at *1 (D.D.C. July 13, 1995) (TAF) (attorney work-product doctrine). To allow Plaintiffs and the Court to assess whether that type of inquiry may be necessary here, the ordinary procedure for claims of privilege shall apply to all privileges other than the deliberative-process privilege: "[A] party claiming privilege as a reason to withhold documents must produce a privilege log." *Banks v. Off. of Senate Sergeant-At-Arms & Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1343 (D.C. Cir. 2006) (citing Fed. R. Civ. P. 26(b)(5)).

On this point, the Court agrees with Plaintiffs that Defendants' contrary authorities are not persuasive. *See* Pls.' Resp. at 4–5. None of the decisions that Defendants cite explains why non-deliberative material should be withheld without a privilege log. *See New York v. Salazar*, 701 F. Supp. 2d 224, 236 (N.D.N.Y. 2010); *Stand up for Cal.!*, 71 F. Supp. 3d at 123; *Narragansett Indian Tribe v. Pollack*, No. 22-cv-2299, 2023 WL 4824733, at *11 (D.D.C. July 27, 2023) (RC). And both decisions that Defendants cite from courts in this District appear to have involved materials

3

that were subject to the deliberative-process privilege, in addition to any other privilege that may have applied.  *See Stand up for Cal.!*, 71 F. Supp. 3d at 123; *Narragansett Indian Tribe*, 2023 WL 4824733, at *11.  These materials therefore appear to have been "predecisional" and "irrelevant" to the issues to be decided in an APA case, obviating any need for careful evaluation of the agencies' other claims of privilege.  *Oceana*, 920 F.3d at 865.

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**, as follows:  When preparing the administrative record, Defendants need not produce a privilege log or seek exemption from disclosure for "predecisional and deliberative" materials that are subject to the deliberative-process privilege.  *See Oceana*, 920 F.3d at 865.  Instead, when filing the administrative record, Defendants must certify that "the record is complete" and that they "duly evaluated all predecisional documents before excluding them from the record."  *Id.* (quoting *Norris & Hirshberg*, 163 F.2d at 694).  Defendants may exclude materials based on the attorney-client privilege, the attorney work-product doctrine, or another privilege only if they produce a privilege log documenting the reasons for those exclusions.  *See Banks*, 471 F.3d at 1343.

**SO ORDERED.**

**Dated:**  March 4, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge