UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alliance for Retired Americans, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Scott Bessent, in his official capacity as Secretary of the Treasury, et al., <br><br> Defendants. | Civil Action No. 25-313 (CKK) |

**PLAINTIFFS' OBJECTIONS TO THE DESIGNATION OF THE ADMINISTRATIVE RECORD**

Pursuant to the Court's Minute Order of February 25, 2025, Plaintiffs submit the following objections to Defendants' designation of the administrative record filed with this Court on March 10, 2025 (ECF 44-1).

As the D.C. Circuit has recognized, notwithstanding the "presumption of administrative regularity," "further action or inquiry by the District Court" is justified when a "substantial showing" is made that "the record [is] incomplete" or when a "credible showing" is made that a redacted document may obscure "factual information not otherwise in the record." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (internal quotation marks omitted). Here, publicly available information, as well as the information that Defendants have put forward in the administrative record and in court declarations, indicate that Defendants have not compiled the "whole record" underlying the challenged action in this case. 5 U.S.C. § 706(2)(A). The

Court should order Defendants to refile the administrative record promptly, with the omitted materials identified below included.

**Tabs 1.B1 and 1.B2 (ECF pages 12–20)**. The records associated with engaging Thomas Krause as a consultant, and in particular the Expert and Consultant Request Forms (ECF pages 13 & 21), do not identify the office or officer making the request. That information should be included in the administrative record.

**Tab 3.2 (ECF pages 63–65).** This document is designated as the "Fiscal Service Payment Processing Engagement Plan." It is dated January 24, 2025, and, thus, would have been prepared under career official David A. Lebryk, who was in charge of the Bureau of the Fiscal Service (Bureau) before being placed on leave by Secretary Bessent on or after January 28. *See* Compl. ¶¶ 34–35 (ECF 1). The Engagement Plan outlines the Bureau's "expectations" for the duration of the engagement. (ECF page 63). In the section titled "Data Handling," the Engagement Plan states that "Fiscal Service will provide USDS/DOGE safeguarding and handling instructions of Fiscal Service data for the duration of this engagement." ECF page 64. Such instructions should be included in the administrative record, along with any amendment or revision to those instructions for safeguarding and handling Bureau data.

**Tab 3.3 (ECF page 66).** This document is designated as the "Preliminary Work Plan." Although the document is written in the first person ("My discussions

2

…", "I would also submit …"), neither the author nor the recipient of the work plan is identified. That information should be included in the administrative record.

**Tabs 4.1 and 4.2 (ECF page 67–68).** The spreadsheet specifies the access to the Bureau's systems that was provided to the DOGE Team before and after February 1, 2025, as well as recommended changes, mitigation and other controls, and the implementing agency. Defendants have not filed agency documentation reflecting the access granted to the DOGE Team, either before or after February 1, other than this spreadsheet and the Engagement Plan included under Tab 3.2. All such agency records should be included in the administrative record.

In addition, the spreadsheet indicates that the DOGE Team had submitted requests for approval and forms to obtain access to the PAM Production Driver, the SPS Production Administrator (UI SPSAdmin), and the CARS Database Administrator. Those requests and/or forms should be included in the administrative record.

**Tab 5.1 (ECF pages 69–70).** No justification is provided for the redaction in the 6:34 PM, January 26, 2025, email from Daniel Katz to Matthew Gerber (ECF Page 69) approving the plan to intercept USAID payment files. Although presented in between two other emails, the 6:34 PM Katz email is the final email in the series (the other two having been sent at 5:42 PM and 4:31 PM). As such, it is unlikely that the redacted information is subject to the deliberative process privilege.

In addition, the 5:42 PM email from Matthew Garber to Timothy Gribben thanks "the DDM and ISS teams for actioning against the request over the weekend."

ECF page 69. Documentation of the "request" should be included in the administrative record.

**Tab 5.2 (ECF pages 72–74).** No justification is provided for the redactions that are made in four of the emails dated January 29, 2025, regarding additional accounts for State Department review. (ECF pages 72–73). The January 30, 2025, email from Daniel Katz to Tom Krause and others (ECF page 72) indicates that Secretary Bessent adopted the proposals "given the analysis" set forth in the preceding email chain. *Id.* The redacted information is therefore likely not subject to the deliberative process privilege. *See Elec. Frontier Found. v. U.S. Dep't of Just.*, 739 F.3d 1, 10 (D.C. Cir. 2014) (explaining that the privilege does not apply if the agency 'chooses *expressly* to adopt or incorporate by reference'" material claimed to be deliberative (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 (1975)).

In addition, the header of the final email (ECF Page 72) indicates that, at 12:15 PM on January 31, 2025, DOGE Team member Marko Elez forwarded the email chain from his work email account (Marko.Elez@treasury.gov) to another email account designated "Marko Elez" for which no email address is provided. Given the concern presented in this litigation about the sharing of sensitive information outside of the agency, the email address to which Mr. Elez forwarded the email chain should be included in the administrative record.

**Other items.**

**1.** As indicated in Plaintiffs' Reply to the Opposition to the Motion for a Preliminary Injunction, Defendants received a risk assessment about the "insider

4

threat" posed by granting the DOGE Team access to the Bureau's systems.[1] That threat assessment, and Defendants' response to the assessment, should be included in the administrative record.

**2.** Mr. Krause represented to this Court that he "coordinate[s] with officials at USDS/DOGE, provide[s] them with regular updates on the team's progress, and receive[s] high-level policy direction from them." ECF 24-1, ¶ 4. In addition, Treasury Chief of Staff Daniel Katz, who certified the administrative record, represented to the U.S. District Court for the Southern District of New York that he "oversee[s] the work of the Treasury DOGE Team established under the January 20 Executive Order [creating the Department of Government Efficiency]," that the Treasury DOGE Team "collaborate[s] closely with staff at the U.S. DOGE Service (USDS) consistent with direction from the Secretary [of the Treasury Scott Bessent] and myself," that "Secretary Bessent and [Mr. Katz] are strongly supportive of the President's DOGE mission," and that "we coordinate with the White House and with USDS to set high-level policy direction and priorities." Decl. of Daniel Katz, *New York v. U.S. Dep't of Treasury*, No. 1:25-cv-1144-JAV (S.D.N.Y. Mar. 5, 2025), ECF 98-1. Despite these representations, the administrative record filed by Defendants contains no records reflecting Defendants' decisionmaking on (a) how to implement the DOGE executive order (which does not mention halting "improper payments" but does require agencies

---

[1] ECF 28, at 5 (citing Joseph Menn et al., *Treasury was warned DOGE access to payments marked an 'insider threat'*, Wash. Post, Feb. 7, 2025, and Vittoria Elliott & Leah Feiger, *A US Treasury Threat Intelligence Analysis Designates DOGE Staff as 'Insider Threat'*, Wired, Feb. 7, 2025).

to share their data with USDS, *see* 90 Fed. Reg. 8441 (Jan. 29, 2025)), (b) the directions and priorities that Defendants receive from USDS, (c) the progress updates that they provide to USDS, or (d) other records reflecting Defendants' coordination with USDS and the actions and decisions that have resulted from that coordination. Those records should have been included in the administrative record.

**Request for prompt action.** Under the joint briefing schedule adopted by the Court (ECF 43), Plaintiffs' cross-motion for summary judgment is due on April 4. For the reasons explained above, Defendants have not yet compiled and submitted the complete administrative underlying this litigation. Given approaching litigation deadlines, Plaintiffs respectfully request that the Court order the Defendants to file the complete administrative record no later than Friday, March 14, so that Plaintiffs will have sufficient time to request, obtain, and conduct expedited discovery if the record is not sufficient to enable Plaintiffs to adequately prepare their motion. *See*, *e.g.*, *Com. Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) (recognizing that evidence outside the record may be needed if "the record is so bare that it prevents effective judicial review"); *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (allowing supplementation of the record with background information in order to determine "whether the agency considered all of the relevant factors" or when "the agency failed to explain administrative action so as to frustrate judicial review").

Dated: March 11, 2025	Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi (DC Bar No. 456750)
Nicolas Sansone (DC Bar No. 1686810)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Norman L. Eisen (DC Bar No. 435051)
State Democracy Defenders Fund
600 Pennsylvania Avenue SE
#15180
Washington, DC 20003