IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR RETIRED AMERICANS, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SCOTT BESSENT, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:25-cv-00313-CKK |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE DESIGNATION OF THE ADMINISTRATIVE RECORD**

Defendants file this response to Plaintiffs' objections to the designation of the administrative record pursuant to this Court's March 11, 2025 Minute Order. Defendants disagree with Plaintiffs' contention that the record is incomplete. The certified administrative record, filed with the Court on March 10, contains all non-privileged documents and materials directly or indirectly considered regarding the granting of access to systems maintained by the Bureau of the Fiscal Service (BFS) to employees implementing Executive Order 14,158. *See* Certification of Administrative Record, ECF No. 44-1 at 2.

Defendants believe that supplementation of the record is not required. However, to conserve the parties' and the Court's resources and to narrow the scope of the parties' disagreements, Defendants agree to provide certain additional information as described below by March 14, 2025, which is the deadline Plaintiffs proposed. Defendants respond to Plaintiffs' objections as follows:

**Tabs 1.B1 and 1.B2 (ECF pages 12-20).** Plaintiffs point out that the records associated with engaging Mr. Thomas Krause as a consultant do not identify the office or officer making the request. *See* Pls.' Obj. at 2. Defendants agree to file additional documentation regarding Mr. Krause's engagement, or to provide the requested information in a declaration, by March 14.

**Tab 3.2 (ECF pages 63-65).** Plaintiffs state that the "Fiscal Service Payment Processing Engagement Plan" references "safeguarding and handling instructions of Fiscal Service data for the duration of this engagement," and Plaintiffs believe those instructions should be part of the administrative record. Pls.' Obj. at 2. Defendants refer Plaintiffs and the Court to the Rules of Behavior included in the administrative record at 25-cv-00313_DDC_UST_0031-32, as well as the description of trainings and safeguards in Mr. Joseph Gioeli III's February 12, 2025 declaration, ECF No. 24-2.

**Tab 3.3 (ECF page 66).** Plaintiffs state that the "Preliminary Work Plan" document, while written in the first person, does not identify an author or recipient. The substance of the document was authored by Thomas Krause, with input from Daniel Katz, and it was distributed to members of the senior Treasury leadership team, which Defendants will confirm in a declaration by March 14.

**Tabs 4.1 and 4.2 (ECF pages 67-68).** Although Defendants have already provided a spreadsheet specifying access to Bureau of the Fiscal Service's systems, Plaintiffs contend that Defendants should supplement the record with "agency documentation reflecting the access granted to the DOGE Team," as well as "requests for approval and forms to obtain access" to specified databases. These materials are not part of the administrative record because they did not inform the decision to grant access but rather reflect various IT steps taken to grant access. To

avoid further dispute, however, Defendants agree to produce materials in response to this request by March 14.

**Tab 5.1 (ECF pages 69-70).** Plaintiffs ask that redactions be lifted from an email sent by Daniel Katz on January 26, 2025 at 6:34 PM, produced at 25-cv-00313_DDC_UST_0063. Defendants agree to produce by March 14 a version of the that email without the redaction to which Plaintiffs object.

Plaintiffs also seek documentation of a "request" referenced in the last-in-time email at 25-cv-00313_DDC_UST_0053. The "request," however, is already reflected in the email itself—*i.e.*, to establish a process to review USAID payment information. Moreover, any request on that topic is outside the scope of the challenged access decision.

**Tab 5.2 (ECF pages 72-74).** Plaintiffs ask that redactions be lifted from emails produced at 25-cv-00313_DDC_UST_0066-68. Defendants applied the redactions in the bodies of those emails to protect information covered by the deliberative process privilege. The redacted information is predecisional, because it predated the decision to proceed with the process for reviewing USAID payments, and it is deliberative, because it consists of an internal back and forth informing whether or not to proceed with the proposals under discussion.

Plaintiffs also seek to know the recipient email address for "Marko Elez" in the TO: line in the email produced at the 25-cv-00313_DDC_UST_0066. Mr. Elez sent the email from his "@treasury.gov" email address to his "@fiscal.treasury.gov" email address, which Defendants will confirm in a declaration by March 14.

**Plaintiffs' "Other items."**

1. Plaintiffs argue that the administrative record should contain the "risk assessment" of a subcontractor referenced in the news article Plaintiffs cite. Pls.' Objs. at 4-5. That document

3

was not considered by Treasury as part of the decision to grant access to BFS systems and therefore is properly not part of the administrative record, which Defendants will confirm in a declaration by March 14.

**2.** Plaintiffs also argue that the administrative record is deficient because it does not include materials on "(a) how to implement the DOGE executive order . . . (b) the directions and priorities that Defendants receive from USDS, (c) the progress updates that they provide to USDS, [and] (d) other records reflecting coordination with USDS and the actions and decisions that have resulted from that coordination." The Court should not require Defendants to provide any such materials, because they are outside the scope of the administrative record regarding the challenged action in this case.

Plaintiffs challenge "[t]he decision to grant access to DOGE." Pls.' Reply in Support of Pls.' Mot. for Prelim. Inj. 14, ECF No. 28. Defendants dispute that Treasury's decision to allow Treasury DOGE Team members access to BFS systems is a final agency action subject to APA review. *See* Defs.' Opp'n to Pls.' Mot. for Prelim. Inj 13-15, ECF No. 24. However, Treasury included in the administrative record filed with the Court all non-privileged materials that Treasury directly or indirectly considered in connection with the challenged decision. *See* Certification of AR, ECF No. 44-1 at 2.

The "other items" Plaintiffs seek to obtain go far beyond the challenged access decision and are unmoored from their claim that providing access to the Treasury DOGE Team violates the Privacy Act or the Internal Revenue Code. Rather, Plaintiffs seek ongoing, post-decisional information about Treasury's coordination with USDS, without limitation to topic. The Court should not permit Plaintiffs to turn the "administrative record" into a vehicle for discovery by other means.

**Plaintiffs' "Request for prompt action."** The administrative record is complete, though Defendants have agreed to provide a subset of the additional information Plaintiffs requested by March 14. To the extent the Court were to conclude that the administrative record must be supplemented with additional material—beyond what Defendants agree above to produce—Defendants respectfully submit that it would be impractical to do so by the March 14 deadline that Plaintiffs propose.

Dated: March 12, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division, Federal Programs Branch

MARCIA BERMAN
Assistant Director
Federal Programs Branch

 /s/ Bradley P. Humphreys
BRADLEY P. HUMPHREYS
Senior Trial Counsel
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

*Attorneys for Defendants*