**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLIANCE FOR RETIRED AMERICANS, *et al.*, Plaintiffs, v. SCOTT BESSENT, in his official capacity as Secretary of the Treasury, *et al.*, Defendants. | Civil Action No. 25-313 (CKK) |

**MEMORANDUM OPINION & ORDER**
(March 13, 2025)

The Court is in receipt of Plaintiffs' [45] Objections to the Designation of the Administrative Record and Defendants' [46] Response thereto.  Plaintiffs argue that Defendants improperly excluded certain material from the [44] Administrative Record and request that the Court order Defendants to supplement the record.  *See* Pls.' Objs., ECF No. 45.  Defendants argue that the record is complete as filed but have agreed to provide information responsive to some of Plaintiffs' Objections no later than Friday, March 14, 2025.  *See* Defs.' Resp., ECF No. 46.

Defendants' agreement to produce certain information by March 14 effectively narrows the disputes in Plaintiffs' [45] Objections to three issues.  The Court takes each in turn.

***First***, Plaintiffs argue that Defendants should be required to produce unredacted versions of four emails that preceded an email from Daniel Katz stating that Treasury Secretary Scott Bessent was "comfortable proceeding" with a proposed course of action "[g]iven the below analysis."  *See* Pls.' Objs. at 4; Administrative Record ("A.R."), ECF No. 44-1, at 72–73. Defendants argue that the redacted information is subject to the deliberative-process privilege. Defs.' Resp. at 3.  Anticipating this argument, Plaintiffs contend that the deliberative-process

privilege does not apply because Katz's email implies that the Secretary's decision is based, at least in part, on reasoning articulated in the redacted messages.  Pls.' Objs. at 4 (citing *Elec. Frontier Found. v. U.S. Dep't of Just.*, 739 F.3d 1, 10 (D.C. Cir. 2014)).

Plaintiffs are correct that "a document can lose its predecisional character—and the protections of the [deliberative-process] privilege—if an agency adopts the document as its own." *Jud. Watch, Inc. v. United States Dep't of Def.*, 847 F.3d 735, 739 (D.C. Cir. 2017) (applying Freedom of Information Act Exemption 5).  However, "[t]o adopt a deliberative document, it is not enough for an agency to make vague or equivocal statements implying that a position presented in a deliberative document has merit."  *Id.*  Instead, "the agency must make an '*express*[]' choice to use a deliberative document as a source of agency guidance."  *Id.* (emphasis and alteration in original) (quoting *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 (1975)).  Accordingly, courts in this District have concluded that an agency does not waive the deliberative-process privilege through informal adoption unless the record reveals that the agency is using the material at issue as "working law."  *See, e.g.*, *Elec. Frontier Found. v. U.S. Dep't of Just.*, 890 F. Supp. 2d 35, 45 (D.D.C. 2012) (RBW); *United States v. Philip Morris USA Inc.*, 218 F.R.D. 312, 320 (D.D.C. 2003) (GK).

Here, Katz's comment that the Secretary was taking action "[g]iven" certain analysis is insufficient to show either that Treasury had expressly adopted that analysis as the reason for the agency's decision or that the analysis was the "working law" of the agency.  *See* A.R. at 72. Therefore, on the present record, the Court accepts Defendants' representation that the redacted analysis was predecisional and deliberative, and it will not order Defendants to supplement the record with the unredacted emails.  Instead, assuming the Court reaches the merits of Plaintiffs' APA challenge, it will evaluate the reasonableness of the Secretary's decision based on the

reasoning that appears in the record, as redacted.  *See In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279, 1279–80 (D.C. Cir. 1998) (explaining that in an APA case, the "reasonableness of the agency's action is judged in accordance with its stated reasons").

 ***Second***, Plaintiffs argue that Defendants should be required to produce a copy of a risk assessment about the "insider threat" posed by members of the Treasury DOGE Team if those individuals were granted access to Treasury payment systems.  Pls.' Objs. at 4–5.  Plaintiffs allege, based on media reports, that Defendants received such a risk assessment.  *Id.* at 4–5 & n. 5.  Defendants represent that Treasury did not consider this document when deciding whether to grant the access that is challenged in this case.  Defs.' Resp. at 3–4.  Defendants will file a declaration confirming this representation by March 14.  *Id.* at 4.   On the present record, the Court accepts the Defendants' representations and concludes that the risk assessment at issue was properly excluded from the administrative record.  *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (explaining that arbitrary-and-capricious review under the APA "is to be based on the full administrative record that was before the Secretary *at the time he made his decision*" (emphasis added)).

 ***Third***, Plaintiffs argue that Defendants should be required to produce various materials related to Treasury's interactions with the U.S. DOGE Service ("USDS" or "DOGE").  *See* Pl.'s Objs. at 5–6.  Specifically, Plaintiffs request records

> reflecting Defendants' decisionmaking on (a) how to implement the DOGE executive order . . . (b) the directions and priorities that Defendants receive from USDS, (c) the progress updates that they provide to USDS, or (d) other records reflecting Defendants' coordination with USDS and the actions and decisions that have resulted from that coordination.

*Id.* Defendants respond that "any such materials" are beyond the scope of the administrative record for the action that Plaintiffs challenge. Defs.' Resp. at 4. However, the Court concludes that some materials responsive to this request, to the extent that they exist, may be within the proper scope of the administrative record.

The administrative record must include all the relevant, nonprivileged material "that was before the Secretary at the time he made his decision"—no more, and no less. *See Overton Park*, 401 U.S. at 420. In this case, Plaintiffs allege that "Defendants failed to engage in reasoned decisionmaking when they implemented a system under which Elon Musk or other individuals associated with DOGE could access" certain records for purposes other than those authorized by law. Compl., ECF No. 1, ¶ 56. One would expect that, in preparation for taking the actions at issue here, and leading up to the decision, Defendants may have exchanged communications or prepared materials about "how to implement the DOGE executive order," what "directions and priorities . . . from USDS" informed their actions, or how they planned to "coordinat[e] with USDS" going forward. Any such communications or materials that informed Treasury's decision about whether and how to implement the challenged measures should be included in the administrative record unless they are subject to a valid claim of privilege.

Defendants represent that they have already filed "all non-privileged materials that Treasury directly or indirectly considered in connection with the challenged decision." Defs.' Resp. at 4. However, their response to Plaintiffs' request for material about Treasury's interactions with the USDS suggests the possibility that Defendants may have taken an unduly restrictive view of what material should be included in the administrative record regarding these interactions. *See* Defs.' Resp. at 4. Accordingly, the Court shall order Defendants to file either (1) a declaration confirming—consistent with the analysis in this Order—that the administrative record is already

complete and Defendants did not consider or rely on any other non-privileged materials leading up to their decision, or (2) a supplement completing the record with any additional responsive, non-privileged materials that have not yet been filed.

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' request to order Defendants to supplement the administrative record is **GRANTED IN PART** and **DENIED IN PART**, as follows: Defendants shall make the further productions described in their Response on or before **March 14, 2025**. Also on or before **March 14, 2025**, Defendants shall file either (1) a declaration confirming, in light of the analysis in this Order, that there are no additional non-privileged materials responsive to the request on pages 5–6 (¶ 2) of Plaintiffs' Objections that the agency considered when making its decision beyond those already included in the administrative record, or (2) a supplement completing the administrative record with any additional responsive, non-privileged materials that have not yet been filed. Plaintiffs' request is otherwise **DENIED**.

Plaintiffs have indicated that they intend to move for expedited discovery if they conclude the record is "not sufficient" to inform their cross-motion for summary judgment. Pls.' Objs. at 6. Given the impending motions deadlines, time is of the essence for any discovery in this case. It is therefore **ORDERED** that Plaintiffs shall file any motion for discovery no later than **12:00 p.m. on March 17, 2025**. Defendants shall file a response to any such motion by **5:00 p.m. on March 18, 2025**. Plaintiffs shall then file a reply, if any, by **12:00 p.m. on March 19, 2025**.

　　　**SO ORDERED.**

　　　**DATED:** March 13, 2025

COLLEEN KOLLAR-KOTELLY
United States District Judge