UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alliance for Retired Americans, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Scott Bessent, in his official capacity as Secretary of the Treasury, et al., <br><br> Defendants. | Civil Action No. 25-313 (CKK) |

**PLAINTIFFS' [PROPOSED] DISCOVERY REQUESTS**

Plaintiffs Alliance for Retired Americans, American Federation of Government Employees, AFL-CIO, and Service Employees International Union, AFL-CIO, through their undersigned attorneys, propose the following discovery requests, which include Interrogatories pursuant to Fed. R. Civ. P. 33, Requests for Production of Documents pursuant to Fed. R. Civ. P. 34, and Requests for Admission pursuant to Fed. R. Civ. P. 36. Defendants are requested to provide complete responses by March 25, 2025.

**DEFINITIONS**

The following definitions shall apply to the Interrogatories, Requests for Production, and Requests for Admissions, set forth below:

1. "Access" means the ability to directly read, review, copy, download, or otherwise interact with records that are in an agency system or have been transferred from an agency system.

2. "Bureau" means the Bureau of the Fiscal Service in the U.S. Department of the Treasury.

3. "Bureau Systems" refers to any electronic record or database maintained by, or under the control of, the Bureau, that contains Personal Information, and includes, without limitation, any "system of records" for which the Bureau has published a "System of Records Notice" under the Privacy Act of 1974.

4. "Describe" means to give a full response in words.

5. "ECF," unless otherwise indicated, refers to the docket in *Alliance for Retired Americans v. Bessent*, No. 1:25-cv-00313-CKK. As used herein, "ECF" will be followed by the document number of the court record at issue and, where necessary, the page number of the record.

6. "Engagement Plan" means the plan reproduced at ECF 44-1, at 63–65.

7. "Federal Tax Information" means any tax return or return information as defined in Internal Revenue Code, 26 U.S.C. § 6103.

8. "GSA" means the U.S. General Services Administration.

9. "Identify" when used in connection with an individual or individuals means to state the person's full name, title, and employing agency or agencies.

10. "Personal Information" means any item, collection, or grouping of information about an individual (including, but not limited to name, address, social security number, date of birth, bank account numbers, or Federal Tax Information).

11. "Treasury DOGE Team" means individuals stationed at or assigned to the Department of the Treasury, whether or not an employee, charged with

carrying out implementation of Executive Order 14158, and includes each individual identified in the declaration of Kari Mencl filed on March 5, 2025, in *State of New York v. U.S. Department of the Treasury*, No. 1:25-cv-1144-JAV, at ECF 98-4.

12. "USDS" refers collectively to Elon Musk, U.S. DOGE Service, the U.S. DOGE Service Temporary Organization, and any employee thereof.

13. "You" refers to Defendants.

## INSTRUCTIONS

1. To the extent that you withhold documents or redact portions of documents responsive to the Requests for Production of Documents, provide the reason for such withholding or redaction and provide the title or "re line", date and all recipients of the document.

2. For each of the discovery requests below, the response should be provided for the time period January 20, 2025, through the date on which you provide a complete response.

3. If an Interrogatory may be answered fully by a document, the document may be attached in lieu of a written response if the document is marked to refer to the Interrogatory to which it responds.

## PLAINTIFFS' INTERROGATORIES

1. For each Interrogatory, identify each person who provided information or otherwise assisted in preparing your response.

2. Describe in detail steps taken, including any plans developed, to implement the following portions of Executive Order 14158:

    a. Ensuring that DOGE Team Leads coordinate their work with USDS.

    b. Promoting the inter-operability between agency networks and systems.

    c. Facilitating responsible data collection and synchronization.

    d. Ensuring USDS has full and prompt access to all unclassified agency records, software systems, and IT systems.

3. To the extent not already disclosed in this litigation, describe in detail plans or projects that will entail providing the Treasury DOGE Team or USDS access to Personal Information.

4. Explain the basis for the statement in paragraph 15 of Thomas Krause's declaration, ECF 24-1, that the Treasury DOGE Team required "the ability to review sensitive payment data" to "understand the full end-to-end payment process," including whether "sensitive payment data" includes Personal Information.

5. Explain why the Treasury DOGE Team requires access to Personal Information to implement the President's executive orders.

6. To the extent not already disclosed in this litigation, identify any member of the Treasury DOGE Team who holds a position in another federal agency or unit or a private business, including by stating the name of the federal agency or unit or private business, and the position held by that member.

7. Describe in detail the access to Bureau Systems provided to any member of the Treasury DOGE Team during the Kansas City visit described at ECF 44-1, at 62, including whether such access was read/write and whether any member of

the Treasury DOGE Team had the ability to view, copy, download, save, transfer, or otherwise share Personal Information.

8. With respect to access to Bureau Systems granted to Marko Elez, identify (a) the individuals who requested that Marko Elez receive read/write or read-only access, as reflected in the Incident Detail reports reproduced at ECF 48-1, at 13, 16, & 18; (b) the Bureau Systems for which write access was granted, and (c) the dates on which write access to any such system was removed.

9. With respect to the email sent by Marko Elez referred to in paragraph 12 of the declaration of David Ambrose, ECF 48-2:

   a. identify each addressee, including any cc's or bcc's.
   b. state the date on which the email was sent.
   c. identify each individual, if any, who authorized or directed Mr. Elez to send the email.
   d. identify the Bureau Systems from which the Personal Information contained in the email or the attached spreadsheet was obtained.
   e. state the basis for Mr. Elez's authority to access the Personal Information.
   f. describe the nature of the information that was transmitted, including whether the information relates to the USAID files that Mr. Elez copied, as noted in paragraph 18 of Joseph Gioeli's declaration, ECF 24-2.

10. Excluding the Marko Elez email referred to in Interrogatory # 9, identify all instances in which Personal Information has been disclosed to or shared with

5

      USDS or GSA during the time period covered by these requests. For each instance:

    a. identify the routine use under the Privacy Act that you contend authorized the disclosure or sharing.

    b. if any disclosed or shared information includes Federal Tax Information, identify the provision of the Internal Revenue Code that you contend authorized the disclosure or sharing.

## DOCUMENT REQUESTS

1. Form 7005.
2. All requests submitted on Form 7005 to transfer information contained in Bureau Systems to GSA or to USDS.
3. The email, including the attached spreadsheet, sent by Marko Elez and referred to in paragraph 12 of the declaration of David Ambrose, ECF 48-2. You may redact the name of any individual or entity whose information is included in the spreadsheet.
4. Base Line Security Requirements referred to in ECF 44-1, at 37.
5. Treasury Information Technology Security Program referred to in ECF 44-1, at 37.
6. Treasury Security Manual referred to in ECF 44-1, at 37.
7. Fiscal Service Policies referred to in ECF 44-1, at 37.
8. Email and Instant-Messaging Policy, referred to in paragraph 6 of David Ambrose's declaration, ECF 48-2.
9. The two screen shots referred to at ECF 48-1, at 16.

## REQUESTS FOR ADMISSION

1. Admit that an account included in the "dbrdwr" group, referred to at ECF 48-1, at 18, has write access to Bureau Systems.

2. Admit that an account included in the "dbrdonly" group, referred to at ECF 48-1, at 18, does not have write access to the Bureau Systems.

3. Admit that Marko Elez has not provided the attestation statement referred to in the Engagement Plan and paragraph 14 of Joseph Gioeli's declaration, ECF 24-2.

March __, 2025                    Respectfully submitted,

/s/_____
Nandan M. Joshi (DC Bar No. 456750)
Nicolas Sansone (DC Bar No. 1686810)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Norman L. Eisen (DC Bar No. 435051)
State Democracy Defenders Fund
600 Pennsylvania Avenue SE
#15180
Washington, DC 20003