IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIANCE FOR RETIRED
AMERICANS, *et al.*,

        Plaintiffs,

      v.

SCOTT BESSENT, *et al.*,

        Defendants.

Case No. 1:25-cv-00313-CKK

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR EXPEDITED DISCOVERY**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

I. The Court Should Not Permit Discovery In This APA Case. .................................... 3

II. Plaintiffs Cannot Demonstrate That Expedited Discovery Is Warranted Here In Any Event. ............................................................................................................................ 6

    A. Plaintiffs' Requests Come Are Outside Of The Typical Discovery Process. ............. 7

    B. No Request For Emergency Injunctive Relief Is Pending. ..................................... 11

    C. Plaintiffs Do Not Articulate A Specific Need For Expedited Discovery Tied To The Merits Of Their APA Claims. .................................................................................. 12

    D. Plaintiffs Proposed Discovery Is Burdensome, Particularly Given Their Proposed Deadline for Completion. ...................................................................................... 13

III. If The Court Permits Plaintiffs' Proposed Discovery, the Court Should Extend The Current Briefing Deadlines. ..................................................................................... 14

CONCLUSION ....................................................................................................................... 15

**INTRODUCTION**

The Court should deny Plaintiffs' motion for expedited discovery, ECF No. 49. Plaintiffs fail to show that either of the narrow exceptions to the general rule of record review in an APA case apply: Plaintiffs have made no showing of bad faith, and the administrative record contains more than adequate material for the Court to evaluate Plaintiffs' claims on the merits. Nor have Plaintiffs demonstrated that expedited discovery is otherwise reasonable under the circumstances. Defendants have not yet had the opportunity to file their motion to dismiss, and the Court has already denied Plaintiffs' motion for a preliminary injunction. There is no basis under these circumstances to permit expedited discovery outside the ordinary process under the Federal Rules of Civil Procedure. Plaintiffs' discovery requests, moreover, largely seek information about topics outside the scope of their APA claims. And responding would be extremely burdensome, particularly in the time Plaintiffs propose—one week from today.

The Court should deny Plaintiffs' motion. But if the Court is inclined to allow discovery, Defendants ask for at least a reasonable time (21 days) to respond. Although the parties have upcoming dispositive motions deadlines, there is no reason those deadlines cannot be extended modestly to permit orderly litigation of this case.

**BACKGROUND**

Plaintiffs filed suit on February 3, 2025. Compl., ECF No. 1. The Complaint includes three causes of action. In Count One, Plaintiffs allege that Defendants acted contrary to law in violation of the APA. Specifically, Plaintiffs allege that Defendants have "implemented a system" for disclosing records containing Plaintiffs' members personal information in violation of the Privacy Act of 1974, and further by sharing Plaintiffs' members' tax returns and tax return information in violation of Internal Revenue Code, 26 U.S.C. § 6103. Compl. ¶¶ 45–53. In Count Two, Plaintiffs

1

allege that Defendants violated the APA by "fail[ing] to engage in reasoned decisionmaking when they implemented a system under which Elon Musk or other individuals associated with DOGE could access [BFS's] records for purposes other than those authorized by the Privacy Act, [BFS's] systems of records notices ('SORNs'), and the Internal Revenue Code." *Id.* ¶ 56. Count Three consists of Plaintiffs' claim that "permitting Elon Musk and/or other individuals associated with DOGE" to access BFS records was in excess of Defendants' statutory authority. *Id.* ¶¶ 58–59.

Plaintiffs filed a motion for temporary restraining order on February 5, seeking to enjoin Defendants "from disclosing information about individuals to individuals affiliated with the so-called Department of Government Efficiency" and to require Defendants "to retrieve and safeguard any such information that has already been obtained by DOGE or individuals associated with it." Pls.' Mem in Support of Mot. for TRO ("TRO Mem."), ECF No. 8-1.

The Court held a hearing on Plaintiffs' motion on February 5, during which the Court raised scheduling for briefing to address Plaintiffs' claims in the context of a preliminary injunction rather than a temporary restraining order. Plaintiffs opted to rest on their previously filed papers, and, accordingly, the Court converted their motion for a temporary restraining order into one for a preliminary injunction, *see* Order, ECF No. 13. After the hearing, the parties agreed to entry of an order requiring Defendants to refrain from providing access to any payment record or payment system of records maintained by or with BFS, with exceptions for Thomas Krause and Marko Elez—provided that their access to payment records will be "read only"—and for other Treasury employees who are not Special Government Employees, and as permitted by 5 U.S.C. § 552a(b)(2)–(13) and the Internal Revenue Code. The Court entered the parties' proposed order on February 6. Order, ECF No. 13. Defendants later sought to modify the Order to allow Ryan

2

Wunderly, who replaced Mr. Elez after Mr. Elez's resignation on February 5, to exercise read only access, ECF No. 30, and the Court granted that request. Order, ECF No. 32.

The Court held a hearing on Plaintiffs' preliminary injunction motion on February 24 and, the following day, ordered defendants to file the administrative record underlying the decisions challenged in this case on or before March 10. Feb. 25, 2025 Minute Order. In the meantime, the Court denied Plaintiffs' motion for a preliminary injunction, concluding that Plaintiffs failed to establish that they would suffer irreparable harm in the absence of injunctive relief. *See* Mem. Op. 36–44, ECF No. 42. Accordingly, the Court dissolved its prior order limiting access to Mr. Krause and Mr. Wunderly.[1]

Defendants filed the certified administrative record on March 10, ECF No. 44, and, in response to Plaintiffs' objections, provided supplemental information on March 14, ECF No. 48. Plaintiffs moved for extra-record discovery yesterday, March 17.

## ARGUMENT

**I.    The Court Should Not Permit Discovery In This APA Case.**

Discovery is rare in APA cases. The Court must generally base its review in an APA case "on the full administrative record that was before the [agency] at the time [it] made its decision," not on a record generated by the parties through the discovery process. *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (second alteration in original) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). "[T]he focal point for judicial review" under the APA should be "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Citizens*

---

[1] Given the restrictions of a preliminary injunction entered in the U.S. District Court for the Southern District of New York, currently no member of the Treasury DOGE Team has access to BFS systems.

3

*to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds*, *Califano v. Saunders*, 430 U.S. 99 (1977); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Further, the reviewing court must not substitute its judgment for that of the agency decision maker but, instead, should determine whether the agency decision, based on the record before the decision maker, was arbitrary and capricious or contrary to law. *See Overton Park*, 401 U.S. at 416; *see also Florida Power & Light*, 470 U.S. at 744.

The only situations where courts in this Circuit permit discovery to supplement an administrative record certified by the agency are "when there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review." *Com. Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998); *Off. of Foreign Assets Control v. Voices in Wilderness*, 382 F. Supp. 2d 54, 63 (D.D.C. 2005) (denying motion for discovery in an APA case). Neither situation is present here.

Plaintiffs flyspeck Treasury's administrative record, but they cannot show that either of the narrow exceptions to the rule of record review applies. Plaintiffs raise the specter of bad faith by pointing to the declaration of Joseph Gioeli III, ECF No. 24-2 ("Gioeli Decl."), which Defendants submitted in opposition to Plaintiffs' motion for preliminary injunction, and system incident tickets Defendants agreed to provide in response to Plaintiffs' objections to the administrative record to narrow the issues before the Court, Pls.' Mem. in Support of Pls.' Mot. for Expedited Discovery 15–16, ECF No. 49-1 ("Pls.' Mem."), despite that the tickets are not properly part of the record, as they reflect the implementation of the decision, not to the decision itself.

As a threshold matter, Mr. Gioeli's declaration, which describes an error that occurred in the granting of access to one system, demonstrates Defendants' forthright disclosure, the opposite of bad faith. Gioeli Decl. ¶ 20. Further Plaintiffs are using Defendants' attempts to resolve their

4

objections to seek improper discovery. The incident tickets do not—as Plaintiffs allege (Pls.' Mem. at 15–16)—call into question Defendants' mitigation measures or its prior representations and therefore do not support Plaintiffs' serious allegation. As Mr. Gioeli's declaration states, Mr. Elez first received access to BFS systems on February 3, 2025. Declaration of Joseph Gioeli III ¶¶ 17–18. The incident ticket Plaintiffs cite shows only the interim requests to set up Mr. Elez's system access, *before* he was ever able to gain read-only access through his BFS laptop. Indeed, the incident ticket Plaintiffs cite for the PAM system itself shows that, as of February 3, Mr. Elez's "[a]ccess was READ ONLY." Supp_25-cv-00313_DDC_UST-0010. Defendants' administrative record, moreover, already reflected that Treasury updated access levels mitigation measures and implemented additional controls before granting Mr. Elez access through his BFS laptop. *See* 25-cv-00313_DDC_UST_0061–62. And Plaintiffs' unilateral (and inaccurate) assertion about what the meaning of terms in the incident tickets "may" represent, Pls.' Mem. at 15–16, cannot overcome, or even call into question, sworn testimony.

Plaintiffs also suggest that Mr. Elez may have had additional access to BFS systems—beyond what is described in Mr. Gioeli's declaration—during a site visit to Kansas City that occurred between January 28 and January 30. And Plaintiffs imply that Mr. Gioeli may not have been forthcoming in his declaration, because Mr. Gioeli "attended the Kansas City 'deep dive,' but his declaration does not address that site visit." Pls.' Mem. at 17 (citing ECF No. 44-1 at 62). Plaintiffs' allegations are based largely on an article in *Wired*, which is not a sufficient basis to question Mr. Gioeli's sworn testimony. Pls.' Mem. at 17. Public reporting on DOGE-related data access issues has been widespread and often inaccurate. The certified administrative record, however, shows that Mr. Elez participated in "Deep Dive and Demo" sessions, ECF No. 44-1 at 56, but that does not suggest he was given any access to BFS payment systems before February 3.

He was not. *See* 25-cv-00313_DDC_UST_0061–62 (memorializing the access Mr. Elez would be provided). In short, nothing in the administrative record or Defendants' declarations can be fairly read to suggest bad faith—much less the "strong showing" of bad faith that would be required to go beyond the administrative record. *Com. Drapery Contractors*, 133 F.3d at 7.

Plaintiffs are also incorrect that the administrative record is so insufficient such that it does not permit judicial review. *See* Pls.' Mem. at 12–14. Here, the administrative record contains the extant materials that informed or reflect the agency's decisionmaking as to systems access for the Treasury DOGE Team, and those materials provide sufficient information for the Court to evaluate Defendants' decisions. Plaintiffs' assertion that the administrative record does not provide information on how the agency will implement the directives in the DOGE executive order (Pls.' Mem. at 12) ignores the work plan describing the reason for providing DOGE team members access, the engagement plan describing objectives that align with the DOGE executive order, and communications consisting of the Department's decision to grant limited access to two DOGE team members, which show that the Department largely adopted the recommendations of the Bureau of the Fiscal Service to address potential risks surrounding access. *See* 25-cv-00313_DDC_UST_0057-62, ECF No. 44-1.

The materials in the record contain the universe of documents Treasury considered in making its decision. Plaintiffs are free to argue in further proceedings that those materials were insufficient to support a reasoned decision. But Plaintiffs' mere desire for additional information—beyond what the agency considered—is not a basis for discovery in this APA case.

## II.  Plaintiffs Cannot Demonstrate That Expedited Discovery Is Warranted Here In Any Event.

Courts in this District examine motions for expedited discovery under a "reasonableness" standard. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97–98 (D.D.C. 2014); *see also, e.g.*, *Pinson*

6

*v. U.S. Dep't of Just.*, No. 18-cv-486-RC, 2021 WL 3418954, at *4 (D.D.C. Aug. 5, 2021) (applying reasonableness test outlined in *Guttenberg*).[2] Under this approach, courts primarily examine five factors, although the list of factors is not exhaustive: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Guttenberg*, 26 F. Supp. 3d at 98 (quoting *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)). Thus, expedited discovery, as Plaintiffs here request, is "not the norm[,]" *Guttenberg*, 26 F. Supp. 3d at 97, and is reserved for exceptional circumstances. *See, e.g.*, *Attkisson v. Holder*, 113 F. Supp. 3d 156, 161 (D.D.C. 2015); *Landwehr v. F.D.I.C.*, 282 F.R.D. 1, 3 (D.D.C. 2010).

These factors weigh heavily against Plaintiffs' expedited discovery request. Plaintiffs' motion comes in advance of when discovery would typically be available in civil litigation, and before Defendants have been able to fully litigate their motion to dismiss arguments. There is no pending preliminary injunction motion; indeed, the Court has already denied Plaintiffs' request for emergency injunctive relief. And, finally, Plaintiffs' proposed discovery requests seek information that is unnecessary to resolve Plaintiffs' claims and are burdensome, particularly in light of the exceedingly short deadline Plaintiffs propose.

### A.     Plaintiffs' Requests Are Outside Of The Typical Discovery Process.

*Guttenberg* explains that the "most important" consideration in the Court's reasonableness analysis is whether the "plaintiffs' request for expedited discovery comes 'well in advance of

---

[2] The alternative test is one announced in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), but Courts in this District have recently rejected entirely the *Notaro* test in favor of the good-cause standard, which is "more suited to the application of the Court's broad discretion in handling discovery." *Guttenberg*, 26 F. Supp. 3d at 97–98. Plaintiffs have also not evoked the *Notaro* standard. *See* Mot. at 8. As such, Defendants similarly apply the reasonableness standard.

typical discovery.'" 26 F. Supp. 3d at 99; *see also Humane Soc'y of U.S. v. Amazon.com, Inc.*, No. 07-623-CKK, 2007 WL 1297170, at *2 (D.D.C. May 1, 2007) (denying request for expedited discovery that was made in advance of motion to dismiss deadline); *True the Vote, Inc. v. Internal Revenue Serv.*, No. CV 13-734-RBW, 2014 WL 4347197, at *8 (D.D.C. Aug. 7, 2014) (finding expedited discovery prior to resolution of motion to dismiss "premature"). Expediting discovery in the face of a dispositive motion drains resources, burdens the Defendants, and creates inefficiencies as it requires "expend[ing] significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action." *Guttenberg*, 26 F. Supp. 3d at 99 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.") (cleaned up)); *see also In re United States*, 583 U.S. 29, 32 (2017) (per curiam) (vacating and remanding to the district court with instructions to rule on the government's threshold arguments regarding jurisdiction and reviewability which "likely would eliminate the need for the District Court to examine a complete administrative record").

Indeed, "[a]s courts in this district have repeatedly emphasized, 'discovery typically occurs *after* the resolution of motions to dismiss,' because 'requiring defendants to comply with an order for expedited discovery when the case may later be dismissed for failure to state a claim'" is inefficient. *In re Quinteros*, No. 19-br-195-SMT, 2021 WL 3674727, at *13 (D.D.C. Aug. 13, 2021) (emphasis added), *aff'd sub nom. Matter of Quinteros*, No. 21-cv-7087, 2022 WL 3970927 (D.C. Cir. Sept. 1, 2022) (quoting *Attkisson*, 113 F. Supp. 3d at 165). Rightly so: A party should not be able to engage in intrusive discovery to prove up a complaint until such time as a Court has had an opportunity to determine whether the facts as alleged in the complaint, if taken as true, state

8

a viable legal claim. "At the very least, reasonableness dictates that the Court consider defendants' motion to dismiss before requiring extensive and expensive discovery." *Guttenberg*, 26 F. Supp. 3d at 99. So too here.

Moreover, in this District, when a motion to dismiss deadline has not yet come due—and the defendants have not yet answered—defendants are not required to participate in a Rule 26(f) conference and, accordingly, are not required to participate in discovery. Local Civ. R. 16.3(b). The Local Rules establish the sensible rule that discovery should not proceed when a motion to dismiss could yet dispose of the case. *See Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing the "eminently logical" principle that "discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending") (citation omitted).

Defendants' motion to dismiss, which is due on March 21, will be based on threshold legal arguments for dismissal that do not require any factual development. As the government will argue in its forthcoming motion, Plaintiffs' claims fail as a matter of law because they have not alleged injury-in-fact sufficient for Article III standing, and there is no final agency action that can be challenged under the APA. Defendants recognize that the Court reached a different conclusion at the preliminary injunction stage with respect to standing, but the Court should definitively resolve that jurisdictional question before entertaining Plaintiffs' request for expedited discovery. Plaintiffs have failed to plead a legally viable APA claim, because they can identify no final agency action.

And because there are substantial doubts as to whether Plaintiffs have adequately pled viable APA claims, because they cannot identify final agency action, this Court should not order discovery until it has assessed the merits of Defendants' forthcoming motion. *See Guttenberg*, F. Supp. 3d at 99; *Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("It is well

9

settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

Furthermore, both the Federal Rules of Civil Procedure and the Local Rules of this Court provide that, absent unusual circumstances not present here, discovery should not proceed before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). The Federal Rules provide that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Similarly, this Court's Local Rules mandate that, "[e]xcept in categories of proceedings exempted from initial disclosure . . . , or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any sources before the parties have conferred as required by Fed. R. Civ. P. 26(f)." Local Civ. R. 26.2(a).

Plaintiffs' request for expedited discovery thus "arrives before this Court has held an initial scheduling conference with the parties pursuant to Federal Rule of Civil Procedure 16(b) and discussed the parameters of discovery." *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 101 (D.D.C. 2018). "Generally such expedited discovery is not permissible, though the Court may grant an exception." *Id*. at 102. As explained below, Plaintiffs fail to justify an exception.

Moreover, the Court's Local Rules establish that civil cases in which "defendants have not yet answered" are exempt from "[t]he requirements of" Rule 26(f)." Local Civ. R. 16.3(b). Therefore, in this District, when a motion to dismiss deadline has not yet come due—and therefore the defendants have not yet answered—the defendants are not required to participate in a Rule 26(f) conference and, accordingly, are not required to participate in discovery. The Local Rules

10

establish the sensible general rule that discovery should not proceed when a motion to dismiss could yet dispose of the case. *See Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing the "eminently logical" principle that "discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending") (citation omitted).

Plaintiffs may contend that discovery is necessary because the Court has already established a schedule for cross-motions for summary judgment. Yet, it was Plaintiffs' choice to propose a motion for summary judgment of their own. And, although Defendants believe summary judgment may be entered in Defendants' favor based on the administrative record alone, Plaintiffs may file a motion under Rule 56(d), stating with specificity by affidavit that they lack information essential to justify their opposition. Fed. R. Civ. P. 56(d).

### B. No Request For Emergency Injunctive Relief Is Pending.

Plaintiffs' request for expedited discovery also fails the reasonableness standard, because there is no preliminary injunction motion pending. Requests for expedited discovery typically arise out of the need to support such a motion. *See, e.g.*, *Guttenberg*, 26 F. Supp. 3d at 97 ("Plaintiffs also move for expedited discovery so they can make a record to support their pending motion for a preliminary injunction"); *see also Ent. Tech. Corp. v. Walt Disney Imagineering*, No. CIV.A. 03-3546, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003); *Onan Corp. v. United States*, 476 F. Supp. 428, 434 (D. Minn. 1979). Here, Plaintiffs already sought preliminary injunctive relief, but the Court determined that they had not made the requisite showing of irreparable harm. Mem. Op. 36–44, ECF No. 42. Now, after the conclusion of emergency proceedings, there is no reasonable need for expedited discovery—even assuming discovery in this APA case were appropriate at all.

That no request for emergency relief is pending, or even contemplated, easily distinguishes this case from *AFL-CIO v. Department of Labor*, No. 1:25-cv-00339-JDB, slip op. at 4 (D.D.C. Feb. 27, 2025), ECF 48 ("*AFL-CIO*"), upon which Plaintiffs rely to suggest discovery is appropriate. *See* Pls.' Mem. at 10–11. In that case, the plaintiffs sought discovery to support a forthcoming motion for preliminary injunction. *AFL-CIO* at 7–8. Here, preliminary injunctive relief has already been denied. Moreover, the court in that case ordered discovery in order to probe the relationship between USDS and the defendant agencies because the detail relationship of the DOGE teams at those agencies raised questions implicating the Economy Act of 1932. *Id.* at 8. That issue is not present in this case, and Judge Bates's discovery order therefore provides no support for Plaintiffs' motion.

    **C.    Plaintiffs Do Not Articulate A Specific Need For Expedited Discovery Tied To The Merits Of Their APA Claims.**

Courts consider carefully a litigant's purported reasons for seeking expedited discovery. *See Attkisson*, 113 F. Supp. 3d at 164 ("In considering whether good cause exists to grant a motion for expedited discovery, the Court also assesses the purpose of the motion."); *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005) (noting that federal courts should consider "the purpose for requesting the expedited discovery") (citation omitted); 8A Wright & Miller, Federal Practice and Procedure § 2046.1, at 290–91 (3d ed. 2010) ("In general, decisions whether to grant or deny leave for early discovery depend on the specific justifications offered in support of the application.").

Much of Plaintiffs' proposed discovery, including all of their proposed document requests, seeks information related to Mr. Elez's transmission of data outside the Treasury Department to GSA, as described in the declaration of David Ambrose, ECF No. 48-2, which Defendants filed with the Court on March 14. *See* Pls.' [Proposed] Discovery Requests at 4–7 (proposed

12

interrogatories 8 through 10, proposed document requests 1 through 9), ECF No. 49-2. Defendants provided that information because the question of whether Mr. Elez had sent information outside the agency was a topic of the February 24 hearing. But Mr. Elez's communications are not properly within the scope of Plaintiffs' APA claims, which challenge the decision to grant the Treasury DOGE Team access to BFS systems in the first place. Plaintiffs' APA claim does not properly include later factual developments that did not inform that decision. *See Overton Park*, 401 U.S. at 416; *Florida Power & Light*, 470 U.S. at 744; *see also* Certification of Administrative Record, ECF No. 41-1, Declaration of Daniel Katz ¶ 10, ECF No. 48-1 (confirming that the administrative record is complete).

> **D.     Plaintiffs' Proposed Discovery Is Burdensome, Particularly Given Their Proposed Deadline For Completion.**

Plaintiffs' proposed discovery includes ten interrogatories, nine document requests, and three requests for admission. Responding to Plaintiffs' requests would require further investigation and confirmation at the agency and—with respect to Plaintiffs' document requests—determining custodians, pulling data, and reviewing any potentially responsive materials for applicable privilege. Even assuming the information Plaintiffs seek could be relevant to Plaintiffs' actual claims, they have proposed an unreasonable time by which to respond. They propose that Treasury respond to their discovery requests—including interrogatories with subparts and document production, which would necessitate a search for any responsive materials—all within one week. That timeline is unreasonable, particularly after the Court has already denied Plaintiffs' motion for a preliminary injunction, and given that Defendants' forthcoming dispositive motion is due in the meantime. Defendants dispute that discovery is necessary or appropriate. But if the Court does order discovery, Defendants respectfully ask for 21 days to respond to Plaintiffs' requests. *Cf.* Fed.

13

R. Civ. P. 34(b)(2)(B) (providing 30 days to respond in writing to requests for production); Fed. R. Civ. P. 33(b)(2) (same as to interrogatories); (same as to requests for admission).

### III. If the Court Permits Plaintiffs' Proposed Discovery, the Court Should Extend The Current Briefing Deadlines.

The Court should deny Plaintiffs' motion for expedited discovery. If the Court does grant Plaintiffs' discovery motion in whole or in part, however, Defendants ask that the current deadlines for dispositive motions briefing be extended. This case has already proceeded on an expedited timeline. Plaintiffs sought emergency relief in this Court on February 5, and briefing on Plaintiffs' motion for a preliminary injunction was complete on February 18. Following a hearing on February 24, the Court denied Plaintiffs' motion for a preliminary injunction, concluding that Plaintiffs have not made the requisite showing of irreparable harm, Mem. Op. 36–44, ECF No. 42. With emergency proceedings concluded, litigation of this case should proceed in the ordinary course.

On prior agreement of the parties, Defendants' motion to dismiss or, in the alternative, for summary judgment, is due this Friday, March 21. *See* Joint Status Report, ECF No. 35; Order, ECF No. 43. If the Court were to permit Plaintiffs' proposed discovery, Defendants ask that the Court extend the deadline for Defendants to file their dispositive motion until two weeks after the deadline for Defendants' discovery responses. Defendants agreed to the current briefing schedule with Plaintiffs under the reasonable assumption that the Court's review would be limited to the administrative record. *See* Feb. 25, 2025 Minute Order (ordering production of the administrative record and order the parties to propose a briefing schedule). But if the Court does permit discovery, then Defendants ask to be permitted to complete those efforts before filing their opening brief. Otherwise, Defendants will be prejudiced by being deprived of the opportunity to address any materials produced in discovery in their opening brief. Extending the current schedule would also

14

address Plaintiffs' concern about needing Defendants' discovery before filing their opposition and cross motion, and would allow for more orderly resolution of these proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for expedited discovery should be denied. If the Court does permit Plaintiffs' proposed discovery, it should allow Defendants a reasonable time to respond and extend the briefing schedule for dispositive motions.

Dated: March 18, 2025                    Respectfully submitted,

                                         YAAKOV M. ROTH
                                         Acting Assistant Attorney General
                                         Civil Division, Federal Programs Branch

                                         MARCIA BERMAN
                                         Assistant Director
                                         Federal Programs Branch

                                         <u>/s/ Bradley P. Humphreys</u>
                                         BRADLEY P. HUMPHREYS
                                         Senior Trial Counsel
                                         Civil Division, Federal Programs Branch
                                         United States Department of Justice
                                         1100 L Street NW
                                         Washington, DC 20005
                                         Telephone: (202) 305-0878
                                         Bradley.Humphreys@usdoj.gov

                                         *Attorneys for Defendants*