# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alliance for Retired Americans, et al.,<br><br>   Plaintiffs,<br><br>    v.<br><br>Scott Bessent, in his official capacity as Secretary of the Treasury, et al.,<br><br>   Defendants. | Civil Action No. 25-313 (CKK) |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Norman L. Eisen
(DC Bar No. 435051)
State Democracy Defenders Fund
600 Pennsylvania Avenue SE
#15180
Washington, DC 20003

Nandan M. Joshi
(DC Bar No. 456750)
Nicolas Sansone
(DC Bar No. 1686810)
Allison M. Zieve
(DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

March 19, 2025

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 1

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*AFL-CIO v. Department of Labor*,
    No. 25-339 (JDB) (D.D.C. Feb. 27, 2025) ......................................................... 6

*Association of Pacific Fisheries v. EPA*,
    615 F.2d 794 (9th Cir. 1980) ........................................................................... 4

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
    401 U.S. 402 (1971) ....................................................................................... 2

*Community for Creative Non-Violence v. Lujan*,
    908 F.2d 992 (D.C. Cir. 1990) ........................................................................ 6

*Department of Commerce v. New York*,
    588 U.S. 752 (2019) ....................................................................................... 2

*Marshall County Health Care Authority v. Shalala*,
    988 F.2d 1221 (D.C. Cir. 1993) ...................................................................... 4

*Strike 3 Holdings, LLC v. Doe*,
    964 F.3d 1203 (D.C. Cir. 2020) ...................................................................... 5

**OTHER**

Federal Rule of Civil Procedure 26 ................................................................... 5

Federal Rule of Civil Procedure 56(d) ........................................................... 5, 6

## INTRODUCTION

The Court has discretion to permit discovery, including in cases involving claims under the Administrative Procedure Act. Here, Plaintiffs have requested that Defendants respond to highly targeted discovery requests to provide this Court with a sufficient record on which it can properly evaluate both Plaintiffs' claims *and* arguments that Defendants intend to present in their motion to dismiss. Although Defendants insist that the administrative record that they compiled is adequate for that purpose, the record lacks any explanation from agency decisionmakers about their implementation of the DOGE executive order—information that is critical to assessing whether that decision was arbitrary and capricious or contrary to law. Moreover, much of the discovery in Plaintiffs' request would help resolve significant questions revealed in Defendants' recent filing, which provided previously unknown information about Marko Elez's access to and use of personal data. Finally, although Defendants allude generally to burden, they provide almost no explanation of why the discovery requests that Plaintiffs have proposed would impose an undue burden or interfere with the current briefing schedule. The Court should grant Plaintiffs' motion for expedited discovery.

## ARGUMENT

**1.** At the outset, Plaintiffs emphasize the targeted nature of the discovery they propose. Plaintiffs propose discovery into two discrete topics. The first—reflected in Interrogatories 2 through 6—concerns the issue at the heart of this litigation: the access to personal data that agency officials provided to DOGE to implement the President's executive order. As Plaintiffs explained, absent agency findings as to the

1

basis for its decisions, a district court may "require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard." Mem. 11, ECF 49-1 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). Defendants do not justify withholding that information from the Court, except to suggest that "Plaintiffs are free to argue in further proceedings" that the materials in the existing record are "insufficient to support a reasoned decision." Opp. 6, ECF 50. But "[r]easoned decisionmaking under the Administrative Procedure Act calls for an explanation for agency action." *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019). This requirement is "meant to ensure that agencies offer genuine justification for important decisions, reasons that can be scrutinized by courts and the interested public." *Id*. Directing Defendants to respond to Plaintiffs' proposed interrogatories would advance that important interest.

The second discrete area explored by Plaintiffs' proposed discovery requests is Marko Elez's level of access to personal data while he served as a member of Treasury's DOGE Team. This category of discovery seeks to resolve ambiguities and questions presented by Defendants' most recent submissions to this Court. First, Plaintiffs have detailed how the incident reports included in the supplemental administrative record indicate that Marko Elez may have had received greater access to Bureau systems than previously indicated in the declaration filed by Joseph Gioeli, the Bureau's Deputy Commissioner for Transformation and Modernization. Mem. 15–16. Information obtained through discovery would aid the Court in assessing the

2

nature of that access and how it ties into the DOGE Team's role at the Treasury Department. At a minimum, the records suggest that not all activity related to Mr. Elez's access had previously been fully disclosed.

Defendants suggest that the Court should ignore the incident reports because they "are not properly part of the record" and "Plaintiffs are using Defendants' attempts to resolve [Plaintiffs'] objections to seek improper discovery." Opp. 4–5. But having submitted Mr. Gioeli's declaration to this Court (and others), Defendants cannot ask this Court to ignore other evidence that Defendants have submitted that appears to contradict or indicate omissions in Mr. Gioeli's statement. Indeed, in their opposition, Defendants attempt to reconcile the incident tickets with Mr. Gioeli's declaration. Opp. 4–5. But briefs are not evidence. To the extent the incident tickets and Mr. Gioeli's declaration can be reconciled, Defendants can provide any evidence that does so in their response to Plaintiffs' proposed discovery.

Plaintiffs also requested discovery about the email that Mr. Elez sent to the U.S. General Services Administration (GSA), which contained personal identifiable information, and discovery about other possible transfers of personal information outside of the Bureau. Defendants' only response is to assert that "Mr. Elez's communications are not properly within the scope of Plaintiffs' APA claims" and involve a "later factual development." Opp. 13. As an initial matter, Defendants have offered no factual basis for asserting that Mr. Elez sent the email "later" or separately from any decision to grant DOGE access to Bureau systems. The lack of factual basis is reflected in the discovery request, which seeks to learn when Mr. Elez sent the

3

email and whether he did so with authorization. Moreover, Defendants themselves rely on declarations that describe events that took place well after DOGE began operating at the Treasury Department. *See, e.g.*, Opp. 4; Opp. to Mot. for Prelim. Inj. 4–7, ECF 24. It is appropriate for Plaintiffs to have information from the same period. And particularly here, where Defendants plan to argue that no final agency action has occurred, Mr. Elez's actions can "fill[] the gaps" as to "what the agency actually did" with DOGE at the Bureau. *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1227 (D.C. Cir. 1993); *cf. Ass'n of Pac. Fisheries v. EPA*, 615 F.2d 794, 812 (9th Cir. 1980) ("[P]ost-decision studies" may be considered when they "can be deemed a clarification or an explanation of the original information before the Agency").

Relying again on Mr. Gioeli's declaration, Defendants object to discovery about Mr. Elez's access to Bureau systems during his Kansas City visit. Opp. 5. Defendants contend that the article that Plaintiffs cited, which suggests that Mr. Elez had administrator-level access, may not be accurate. But that article, coupled with the incident tickets indicating that Mr. Elez had greater access to Bureau systems than previously disclosed and Mr. Gioeli's omission of the Kansas City visit entirely from his declaration, raises questions about Mr. Elez's access during his time at the Bureau. And contrary to Defendants' contention, the spreadsheet that they have produced does not "memorializ[e] the access Mr. Elez would be provided" during the Kansas City visit because that spreadsheet outlines "access granted as of Feb. 1"—two days after the end of the Kansas City deep dive. *See* ECF 44-1, at 62.

4

Finally, Defendants provide no reason why they should not produce the security-policy documents identified in the Bureau's Rules of Behavior and David Ambrose's declaration. *See* Mem. 17.

**2.** Defendants contend that discovery is not warranted because the Court has not resolved Defendants' motion to dismiss, Opp. 7–11, and because no preliminary injunction motion is pending, *id.* at 11. Neither contention has merit.

First, although Defendants cite the default timing of discovery under the federal rules and this Court's local rules, they do not dispute that this Court has "broad discretion over the structure, timing, and scope of discovery." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020); *see* Fed. R. Civ. P. 26(d)(1) (permitting discovery prior to Rule 26(f) conference when authorized "by court order"). Here, where the Court has established a schedule for briefing Defendants' motion to dismiss and cross-motions for summary judgment, it would not serve the interests of judicial economy to delay discovery until after a decision on the motion to dismiss alone, as Defendants contend. Moreover, although Defendants suggest that their motion to dismiss "will be based on threshold legal arguments for dismissal that do not require factual development," Opp. 9, as Plaintiffs have explained, Mem. 11–12, the additional factual development sought through discovery will aid the Court in its analysis of that question.

Defendants also suggest, Opp. 11, that, rather than taking discovery before briefing on dispositive motions, Plaintiffs should use Federal Rule of Civil Procedure 56(d), which allows a nonmovant to oppose a motion for summary judgment if it

5

"shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." But that process would not provide Plaintiffs with relevant information for their own motion for summary judgment. In any event, nothing in Rule 56(d) limits this Court's discretion to manage the discovery process where needed to ensure "effective judicial review." *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 998 (D.C. Cir. 1990).

Second, although expedited discovery often arises in the context of a preliminary-injunction motion, Defendants correctly do not contend that this Court's discretion over the discovery process is limited to that context. Nothing in Rule 26(d)(1), which authorizes expedited discovery by "court order," requires a pending preliminary-injunction motion. Although *AFL-CIO v. Department of Labor*, No. 25-339 (JDB) (D.D.C. Feb. 27, 2025), ECF 48, involved discovery in support of a forthcoming preliminary-injunction motion, the court there was clear that one purpose of the discovery was to fill in the gaps as to the nature of the agency's policy. *Id.* at 5–6. Limited discovery would serve the same purpose here and aid this Court's determination about whether Defendants have taken final agency action and whether Plaintiffs are entitled to summary judgment.

**3.** Finally, Defendants ask that, if the Court grants the motion for discovery, it should allow Defendants 21 days to respond and extend the briefing schedule accordingly. Opp. 13. That request appears to be an effort to delay. Only Interrogatories 2 through 5 require a narrative statement from Defendants. And most of the discovery requests seek data that may be presented in chart or table form or

request documents that Defendants would easily be able to collect. Indeed, most of the document requests ask for copies of Defendants' security policies referenced in materials that Defendants have already submitted. The remainder of the requests concern information submitted on the Bureau's forms, the email that Marko Elez sent to GSA, and screen shots referred to in the incident tickets included in Defendants' supplemental appendix. And the requests for admission require three yes/no answers. Defendants fail to explain why answering Plaintiffs' targeted discovery requests on discrete matters requires 21 days.

## CONCLUSION

For the foregoing reasons, and those set forth in the motion, the Court should grant Plaintiffs' motion for expedited discovery, permit Plaintiffs to serve their proposed discovery requests on Defendants, and require Defendants to respond to the discovery requests by March 25, 2025.

March 19, 2025

Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi (DC Bar No. 456750)
Nicolas Sansone (DC Bar No. 1686810)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Norman L. Eisen (DC Bar No. 435051)
State Democracy Defenders Fund
600 Pennsylvania Avenue SE
#15180
Washington, DC 20003