UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR RETIRED AMERICANS, *et al.*,<br><br>        Plaintiffs,<br><br>       v.<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury, *et al.*,<br><br>        Defendants. | Civil Action No. 25-0313 (CKK) |

**MEMORANDUM OPINION & ORDER**
(March 20, 2025)

Now pending before the Court is Plaintiffs' [49] Motion for Expedited Discovery. Defendants oppose the Motion. *See* Defs.' Opp'n, ECF No. 50. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion.

**I. BACKGROUND**

On January 20, 2025, President Donald J. Trump signed an Executive Order purporting to establish a "Department of Government Efficiency," a new initiative with the stated goal of "modernizing Federal technology and software to maximize governmental efficiency and productivity." Exec. Order No. 14,158, 90 Fed. Reg. 8441 (Jan. 20, 2025) § 1. This Executive

---

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto:
- The Administrative Record filed on March 10, 2025 ("A.R."), ECF No. 44-1;
- The Declaration of Daniel Katz filed on March 14, 2025 ("Katz Decl."), ECF No. 48-1;
- The Declaration of David J. Ambrose filed on March 14, 2025 ("Ambrose Decl."), ECF No. 48-2;
- Plaintiffs' Motion for Expedited Discovery ("Pls.' Mot."), ECF No. 49;
- Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery ("Defs.' Opp'n"), ECF No. 50; and
- Plaintiffs' Reply in Support of the Motion for Expedited Discovery ("Pls.' Reply"), ECF No. 51.

In an exercise of its discretion, the Court concludes that oral argument is not necessary to the resolution of the issues pending before the Court. *See* LCvR 7(f).

1

Order renamed the existing United States Digital Service as the "United States DOGE Service" ("USDS" or "DOGE") and provided that its leader, the "USDS Administrator," would report directly to the White House Chief of Staff. *Id.* § 3(a)–(b). It also directed the heads of federal agencies to, among other things, "take all necessary steps, in coordination with the USDS Administrator and to the maximum extent consistent with law, to ensure USDS has full and prompt access to all unclassified agency records, software systems, and IT systems." *Id.* § 4(b).

In this case, Plaintiffs allege that the Secretary of the Treasury, the Department of the Treasury, and the Bureau of the Fiscal Service ("BFS") "failed to engage in reasoned decisionmaking when they implemented a system under which Elon Musk or other individuals associated with [the U.S. DOGE Service] could access" certain records held by BFS for purposes other than those authorized by law. Compl., ECF No. 1, ¶ 56. Plaintiffs also allege that Defendants' actions in implementing that access were contrary to law and in excess of statutory authority. *Id.* ¶¶ 52, 59.

Plaintiffs initially sought a temporary restraining order enjoining Defendants "from disclosing information about individuals to individuals affiliated with the" USDS and further enjoining Defendants "to retrieve and safeguard any information that has already been obtained by [USDS] or individuals associated with it." *See* Pls.' Mot. for Temporary Restraining Order, ECF No. 8, at 1. The parties later agreed to an interim consent order to preserve the status quo, and Plaintiffs elected to convert their motion for a temporary restraining order into a motion for a preliminary injunction. *See* Order, ECF No. 13. At the parties' request, the Court later modified that consent order to substitute the name of a new Treasury employee and Treasury DOGE Team member, Ryan Wunderly, for the name of an employee and DOGE Team member who had since left the agency, Marko Elez. *See* Order, ECF No. 32.

The Court held a hearing on Plaintiffs' motion for a preliminary injunction on February 24, 2025. *See* Tr. of Preliminary Injunction Hr'g, ECF No. 36. After that hearing, the Court ordered Defendants to "file the administrative record underlying the decisions challenged in this case." Min. Order (Feb. 25, 2025). The Court later denied Plaintiffs' motion for a preliminary injunction, concluding that they had not made the showing of irreparable harm necessary to support such an injunction under binding precedent in this Circuit. *See All. for Retired Ams. v. Bessent*, No. 25-cv-0313, __ F. Supp. 3d __, 2025 WL 740401, at *24 (D.D.C. Mar. 7, 2025) (CKK).

Defendants then filed the administrative record in compliance with the Court's Order, reserving an objection that none of the actions challenged in this case is a "final agency action" reviewable under the Administrative Procedure Act ("APA"). *See generally* A.R.

Plaintiffs filed objections to Defendants' designation of the administrative record and requested that the Court order Defendants to supplement the record. *See* Pls.' Objs., ECF No. 45. Plaintiffs asked the Court to resolve their objections promptly and order Defendants to respond by March 14 to allow Plaintiffs time to "request, obtain, and conduct expedited discovery" if doing so was necessary to prepare their forthcoming motion for summary judgment. *Id.* at 6. Defendants filed a response, in which they disputed Plaintiffs' contention that the administrative record was incomplete but agreed to file certain additional materials "to conserve the parties' and the Court's resources and to narrow the scope of the parties' disagreements." *See* Defs.' Resp., ECF No. 46, at 1. The Court then issued an Order resolving Plaintiffs' remaining objections and setting a briefing schedule for any motion for expedited discovery. *See* Mem. Op. & Order, ECF No. 47.

On March 14, Defendants filed supplemental material consistent with their response to Plaintiffs' objections and this Court's Order. *See* Katz Decl., ECF No. 48-1. Defendants also filed a declaration that they recently filed in a related case in the Southern District of New York, which

discusses the results of the forensic analysis of the BFS laptop issued to former Treasury DOGE Team member Marko Elez. *See* Ambrose Decl., ECF No. 48-2. That analysis revealed new information about an email that Elez sent from his BFS laptop to two officials in the General Services Administration, which included a spreadsheet containing personally identifying information and payment details. *Id.* ¶ 12.

Plaintiffs have now filed a motion for expedited discovery, which Defendants oppose. *See* Pls.' Mot. at 49; Def.'s Mot. at 50. This motion is ripe for decision.

## II. LEGAL STANDARD

When a party challenges an agency action as arbitrary and capricious under the APA, a court's "review must 'be based on the full administrative record that was before the [agency] at the time [it] made its decision.'" *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). Other records may be relevant to the court's review if there is "a showing of bad faith or improper behavior," *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019), or if further factual development is necessary "to ascertain the contours of the precise policy at issue," *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 409 F.3d 359, 367 (D.C. Cir. 2005); *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018).

When discovery is otherwise permissible, courts in this District evaluate requests for *expedited* discovery under a multi-factor "reasonableness" or "good-cause" test. *See, e.g.*, *New Mexico v. Musk*, No. 25-cv-0429, __ F. Supp. 3d __, 2025 WL 783192, at *2 (D.D.C. Mar. 12, 2025) (TSC); *AFL-CIO v. Dep't of Labor*, No. 25-cv-0339, ECF No. 48, slip op. at 4 (D.D.C. Feb. 27, 2025) (JDB); *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (EGS); *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97–98 (D.D.C. 2014) (JDB); *cf. Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (describing alternative, more demanding standard that some

4

other courts have applied when evaluating requests for expedited discovery). Under this test, courts decide whether expedited discovery is warranted by considering "all of the surrounding circumstances," including five non-exclusive factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Guttenberg*, 26 F. Supp. 3d at 98 (quoting *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005) (RJL)).

### III. ANALYSIS

Plaintiffs seek expedited discovery related to Defendants' implementation of President Trump's Executive Order directing that heads of agencies like Treasury "take all necessary steps, in coordination with the USDS Administrator and to the maximum extent consistent with law, to ensure USDS has full and prompt access to all unclassified agency records, software systems, and IT systems." *Id.* § 4(b); Pls.' Mot. at 2. They also request additional details about Treasury DOGE Team members' need for access to personal information and details of Elez's access and activities during his tenure as a Treasury DOGE Team member. Pls.' Mot. at 2.

On the present record, Plaintiffs have not shown "bad faith or improper behavior" that would warrant discovery into matters outside the administrative record. *See Oceana*, 920 F.3d at 865. Plaintiffs note that information in one of Defendants' supplements to the administrative record suggests the possibility that an account associated with Elez may have received "read/write" access to certain BFS systems earlier than Deputy Commissioner for Transformation and Modernization Joseph Gioeli III indicated in his prior declaration in this case. Pls.' Mot. at 15–16. However, as Defendants explain, the supplemental information that Plaintiffs cite does not necessarily contradict Gioeli's prior sworn statements because Elez may not yet have had access to his account at the time that account was initially given "read/write" access. *See* Defs.' Opp'n

5

at 4–5. Standing alone and on the present record, this incident therefore does not give rise to an inference of "bad faith or improper behavior" that would support discovery beyond the administrative record.[2] *Oceana*, 920 F.3d at 865.

However, discovery beyond the administrative record is warranted for a different reason: The record now before the Court is insufficient to allow the Court and Plaintiffs to "ascertain the contours of the precise policy at issue." *See Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 409 F.3d 359, 367 (D.C. Cir. 2005); *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018). Plaintiffs contend that the "policy at issue" in this case includes Defendants' decision to take specific actions to give USDS personnel access to "agency records, software systems, and IT systems." *See* Exec. Order No. 14,158 § 4(b); Pls.' Mot. at 12. To evaluate the reasonableness and lawfulness of Defendants' decision to take those actions, this Court requires an adequate record of exactly what actions Defendants took to grant new access to USDS personnel. And in this case—unlike the typical APA case, which involves the enactment of a rule or other agency action taken in public view—only the Defendants know the "contours" of those actions. *See Venetian Casino Resort*, 409 F.3d at 367. Accordingly, the Court concludes that it is proper to allow limited discovery, targeted to the narrow issue of what specific actions Defendants took, in response to the Executive Order, to "implement[] a system under which . . . individuals associated with [the U.S. DOGE Service] could access" certain records held by BFS. *See* Compl. ¶ 56.

To ensure that discovery remains appropriately focused on the "contours" of actions that are directly relevant to this case, the Court shall direct Plaintiffs to amend their discovery requests to narrow their scope and minimize the burden they impose on Defendants. Specifically, the Court

---

[2] That said, Defendants' decision-making about what to include and what to omit from prior disclosures, while not indicative of bad faith, does inform the Court's analysis of whether the present record provides a sufficiently complete view of Defendants' actions to enable meaningful judicial review.

shall direct Plaintiffs to omit certain less-relevant interrogatories and amend one interrogatory and one document request to narrow their scope to cover only Defendants' interactions with USDS.

Having determined that some additional discovery is proper, the Court must next determine whether *expedited* discovery is warranted. Here, the "reasonableness" factors that guide whether the court should allow expedited discovery, taken together, weigh in favor of granting limited discovery. *See Guttenberg*, 26 F. Supp. 3d at 98. Three of those factors (the second, third, and fourth) weigh in Plaintiffs' favor: The discovery requests the Court is allowing are narrow in scope; Plaintiffs are seeking the discovery for the important and proper purpose of discerning the exact nature of the otherwise-opaque administrative action they are challenging in this case; and the burden the requests would impose on Defendants—a written response based on a discrete set of documents within Defendants' control, not a deposition or wide-ranging search for potentially responsive documents—is relatively slight. *Id.*

One factor (the first) weighs in Defendants' favor: there is no motion for preliminary injunction currently pending. *See id.* And one factor (the fifth) is ambivalent, favoring neither party: Plaintiffs are requesting discovery relatively early in this case, before Defendants have filed a motion to dismiss, but *after* this Court resolved threshold arguments about its subject-matter jurisdiction that arose during the Court's consideration of Plaintiffs' Motion for a Preliminary Injunction. *See id.*; *All. for Retired Ams.*, 2025 WL 740401, at *12–19.

On balance, and on the present record, the Court concludes that expedited discovery is warranted on the narrow topics the Court has identified.

To mitigate the burden this discovery will impose on Defendants, the Court shall allow Defendants more time to respond than Plaintiffs have requested, and the Court shall also extend the briefing schedule for dispositive motions. Although Plaintiffs indicate that they are prepared

to proceed with briefing on the current timeline if they receive responses to their discovery requests on March 25, Defendants have requested an extension to allow them "to address any materials produced in discovery in their opening brief." *See* Defs.' Opp'n at 14–15; Pls.' Reply at 6–7. Considering both the limited scope of discovery—seven interrogatories, nine document requests, and three requests for admission—and the fact that Defendants have had ample time to prepare the balance of their opening brief, the Court shall direct Defendants to respond to Plaintiffs' discovery requests by March 31 and modify the briefing schedule so that Defendants' opening brief is due on April 4, four business days after their discovery responses are due.

## IV. CONCLUSION & ORDER

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' [49] Motion for Expedited Discovery is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- Plaintiffs shall promptly serve Defendants will an amended version of their [49-2] Discovery Requests, altered and amended as described in this Memorandum Opinion and Order. Specifically, Plaintiffs shall:

    - replace the requested response date of "March 25, 2025" with "March 31, 2025";

    - omit Interrogatory Nos. 1, 2(a), 2(b), 5, 6, and 9(e);

    - amend Interrogatory No. 10 to strike the words "or GSA"; and

    - amend Document Request No. 2 to strike the words "to GSA or."

- Defendants shall respond to Plaintiffs' discovery requests, as altered and amended in accordance with this Order, on or before **March 31, 2025**.

- Defendants' responses shall conform to Federal Rules of Civil Procedure 33, 34, and 36, including the requirement of Federal Rule of Civil Procedure 33(b) that answers to interrogatories be made under oath and signed by the person who provides the answers.

It is further **ORDERED** that the briefing schedule for dispositive motions is **EXTENDED**, as follows:

- Defendants shall file their Motion to Dismiss or, in the Alternative, for Summary Judgment, on or before **April 4, 2025**.

- Plaintiffs shall file a combined Opposition to Defendants' Motion and Cross-Motion for Summary Judgment on or before **April 18, 2025**.

- Defendants shall file a combined Reply and Opposition to Plaintiffs' Motion on or before **April 28, 2025**.

- Plaintiffs shall file a Reply on or before **May 8, 2025**.

**SO ORDERED.**

**Dated:**  March 20, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge