IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIANCE FOR RETIRED
AMERICANS, *et al.*,

          *Plaintiffs*,

          v.

SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, *et al.*,

          *Defendants*.

Case No. 1:25-cv-00313-CKK

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h), Defendants hereby submit this Statement of Material Facts Not in Dispute in conjunction with their motion for summary judgment.

1. The Bureau of the Fiscal Service ("BFS") is a component of the Department of the Treasury, established in October 2012 by then-Secretary of the Treasury Timothy Geithner, which consolidated two previously separate bureaus. *Treasury Order Establishing the Bureau of the Fiscal Service*, 78 Fed. Reg. 31,629 (May 24, 2013) (Treasury Order 136-01).

2. The Secretary's order combined the former Bureau of the Public Debt and the Financial Management Service into the BFS and established the role of BFS Commissioner to execute the functions for which the heads of those bureaus were previously responsible. *Id.*

3. Among other responsibilities, BFS is responsible for "manag[ing] the government's accounting, central payment systems, and public debt, and . . . serv[ing] as the central payment clearinghouse for most payments to and from federal agencies." Declaration of Thomas H. Krause, Jr. ("Krause Decl.") ¶ 5, ECF No. 24-1.

1

4. BFS disburses the majority of the government's payments, more than $5 trillion per year. *Id*. BFS's payment systems include, among others, the Payment Automation Manager ("PAM") System, which is the federal government's largest system for receiving payment files and processing payments; the Secure Payment System ("SPS"), a system through which paying agencies securely create, certify, and submit payment files to Treasury; the Automated Standard Application for Payments ("ASAP"), a recipient-initiated electronic payment and information system; and the Central Accounting and Reporting System ("CARS"), which federal agencies use to account for their spending. Declaration of Joseph Gioeli III ("Gioeli Decl.") ¶¶ 6–11, ECF No. 24-2.

5. On January 20, 2025, President Trump signed Executive Order 14,158, which redesignated the previously established United States Digital Service as the U.S. DOGE Service ("USDS") and charged it with implementing the President's agenda of "improv[ing] the quality and efficiency of government wide software, network infrastructure, and information technology (IT) systems." 90 Fed. Reg. 8441, §§ 3(a), 4 ("the EO").

6. The EO also established a "U.S. DOGE Service Temporary Organization" pursuant to 5 U.S.C. § 3161, which will terminate on July 4, 2026. *Id.* § 3(b).

7. Both USDS and the Temporary Organization sit within the Executive Office of the President and are headed by the USDS Administrator, who reports to the White House Chief of Staff. *Id.*

8. Agency heads across the Executive Branch are required under the EO to establish within their respective agencies a DOGE Team of at least four employees, which may include Special Government Employees. *Id.* § 3(c).

9. Agency heads are instructed to select the DOGE Team members in consultation

with USDS and to ensure that "DOGE Team Leads coordinate their work with USDS and advise their respective Agency Heads on implementing the President's DOGE Agenda." *Id.*

10. The EO also directs USDS to collaborate with Executive agencies to modernize the technology and software infrastructure of the federal government to increase efficiency and productivity and ensure data integrity. EO § 4.

11. To accomplish these objectives, the EO directs USDS to work with relevant agency heads, and vice versa, to ensure that USDS has access to "unclassified agency records, software systems, and IT systems" to the "extent consistent with law." *Id.* § 4(b).

12. At all times, the EO instructs, USDS must "adhere to rigorous data protection standards." *Id.*

13. As of the date of Plaintiffs' complaint, only two Treasury DOGE Team members were granted access to BFS payment systems, Mr. Thomas Krause and Mr. Marko Elez. *See* Krause Decl. ¶ 3; Gioeli Decl. ¶ 4; Declaration of Michael J. Wenzler ¶¶ 3–5, ECF No. 24-3 ("Wenzler Decl."); Declaration of Vona Robinson, ¶ 6, ECF No. 24-4.

14. Mr. Krause is an employee of the Treasury Department and is the Treasury DOGE Team lead. AR-0001–3, 7–21; Krause Decl. ¶ 2.

15. His position at Treasury as Senior Advisor for Technology and Modernization was created to effectuate the mission of DOGE by reducing and eliminating improper and fraudulent payments, addressing the problems of waste, fraud, and abuse, and improving the accuracy of financial reporting. Krause Decl. ¶ 2; AR-0015, 21.

16. Although Mr. Krause sometimes coordinates with officials at USDS, he is not an employee of USDS. Krause Decl. ¶ 4.

17. Instead, Mr. Krause is an employee of Treasury with an ethics designation of

3

Special Government Employee. *See* Wenzler Decl. ¶¶ 3–4; AR-0014–21.

18. As of February 13, 2025, Mr. Krause has been delegated the duties of the Fiscal Assistant Secretary, in a Temporary Transition Schedule C position. AR-0001–2; Wenzler Decl. ¶ 7.

19. Mr. Krause's role at Treasury is to find ways to use technology to make the Treasury Department more effective, more efficient, and more responsive to the policy goals of the current Administration. AR-0021; Krause Decl. ¶ 2.

20. As part of the President's DOGE efforts, Mr. Krause's mandate is to understand how BFS's end-to-end payment systems and financial reporting tools work, recommend ways to update and modernize those systems to better identify improper and fraudulent payments, and better allow federal agencies to quickly adapt to changing conditions. Krause Decl. ¶ 11. *See* AR-0021; *see also See* Defs.' Objections & Responses to Plaintiffs' Interrogatories at 6 (Ex. A).

21. Mr. Krause has never had any direct access to any BFS payment system. His only access to those systems is so-called "over the shoulder" access to review activity others performed in the system or data others accessed from the system. Krause Decl. ¶ 16.

22. Mr. Krause's access is limited by the terms of the preliminary injunction in place from the U.S. District Court for the Southern District of New York ("SDNY"), as modified by that court. *See* Mem. Op. & Order, ECF No. 76, *State of New York, et al. v. Treasury, et al*, Civil Action No. 25-1144 (S.D.N.Y. Feb. 21, 2025); Order, ECF No. 108, 76, *State of New York, et al. v. Treasury, et al*, Civil Action No. 25-1144 (S.D.N.Y. Feb. 21, 2025).[1]

---

[1] In the evening on the day of this filing, April 11, 2025, the SDNY court granted in part the defendants' motion to partially dissolve the injunction in that case. *See* Opinion and Order, ECF No. 139, *State of New York, et al. v. Treasury, et al*, Civil Action No. 25-1144 (S.D.N.Y. Apr. 11, 2025). Defendants are currently reviewing that order and its effect with respect to DOGE Team members' access.

23. Mr. Elez began working at the Treasury Department on January 21, 2025, *see* AR-0004, but resigned from his role on February 6, 2025. Krause Decl. ¶ 3.

24. Treasury hired Mr. Elez as a Special Advisor for Information Technology and Modernization. *Id*.; AR-0022–23.

25. In this role, Mr. Elez was a Treasury employee tasked with working closely with engineers at BFS on information technology matters in service of BFS's mission to promote financial integrity and operational efficiency of the federal government through accounting, financing, collection, payment, and other relevant BFS services. Krause Decl. ¶ 3; Wenzler Decl. ¶ 9; AR-0022–23.

26. On February 6, 2025, Mr. Elez submitted his resignation from this role. Krause Decl. ¶ 23; Wenzler Decl. ¶ 11.

27. Treasury has since filled the position previously held by Mr. Elez with another Treasury employee, Mr. Ryan Wunderly.

28. Given the restrictions of the preliminary injunction entered in SDNY, currently no member of the Treasury DOGE Team is permitted access to any Treasury payment record, payment system, or other data system maintained by Treasury containing the personally identifiable information (PII) and/or confidential financial information of the plaintiff States in that case. *See* Mem. Op. & Order, ECF No. 76, *State of New York, et al. v. Treasury, et al*, Civil Action No. 25-1144 (S.D.N.Y. Feb. 21, 2025).

29. The System of Record Notice that pertains to Treasury's payment record system states that the information will be used by Treasury employees and others for the "development of computer systems" and in connection with the "investigation of unauthorized or fraudulent activity." 85 Fed. Reg. 11776, 11779 (Feb. 27, 2020).

30. The same System of Record Notice further provides that the information will be "routine[ly]" shared with, among others, "federal or state agenc[ies], [their] employees, agents (including contractors of its agents), or contractors;" "financial agents" of the Treasury Department; and Treasury Department "contractors" for the purpose "of identifying, preventing, or recouping improper payments." *Id.* at 11,780.

31. Defendants do not regulate Plaintiffs or Plaintiffs' members.

32. Defendants do not have a policy of preventing Federal employees from accessing the BFS systems on the basis that they hold non-career (or political) appointments or are Special Government Employees Gioeli Decl. ¶ 23.

33. The purpose of the DOGE Team's engagement is to, among other things, "[g]ain insight on money-in/money-out through the Fiscal Service payment systems while identifying efficiencies in the overall payment flow." AR-0057. *See also* AR-0060 ("System access as well as on-going discussions with subject matter experts are critical to understanding and verifying how these payment and accounting systems work."); Ex. A at 10 (describing why access to sensitive data is necessary to "understand the full end-to-end payment process").

34. Defendants considered the risk of granting access to BFS systems to members of the Treasury DOGE Team and put in place risk mitigation measures as a result. AR-0058–59, 0061–62; Gioeli Decl. ¶ 12–15.

Dated: April 11, 2025                    Respectfully submitted,

                                         YAAKOV M. ROTH
                                         Acting Assistant Attorney General
                                         Civil Division

                                         MARCIA BERMAN
                                         Assistant Director
                                         Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*
